JOHN D. POPE

v.

THE WESTERN UNION TELEGRAPH COMPANY.

</div>

1.  TELEGRAPHIC MESSAGE—DELIVERY.—The law requires a telegraph company to make, to say the least, an ordinary and reasonable effort to ascertain where the persons are to whom the message is sent, and a reasonable effort to deliver the message.  An instruction that the company is required to deliver such message only at the office of the person addressed, is therefore erroneous; it being in that respect a limitation upon its duty.

2. DUTY IN RESPECT OF DELIVERY.—When the company took the money of the sender and contracted to deliver the message to the persons to whom it was addressed, and the sender delivered the message to be sent, his duty in the premises ceased; it then became the duty of the company to transmit the message and deliver it. If it was unable to do either, that is matter of defense to be shown by the company, and it is error to instruct the jury that the plaintiff, before he can recover, must show that the person to whom it was addressed was at his office ready to receive it.

3. COMPANY MUST SHOW DILIGENCE.—It is incumbent upon the company to show, at least, that it used ordinary care and diligence in attempting to deliver the message.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 6, 1881.

Mr. CYRUS HAPPY, for appellant; that plaintiff is not bound to show affirmatively that the parties to whom the message was sent were present ready to receive it upon delivery, cited Tyler v. W. U. Tel. Co. 60 Ill. 421; Same case, 74 Ill. 421.

The question of variance between allegation and proof cannot be raised by instruction: Roberts v. Graham, 6 Wall. 578; Curry v. The People, 54 Ill. 263; Vasey v. Bd. Trustees, 54 Ill. 59.

Mr. G. B. BURNETT and Messrs. IRWIN & SPRINGER, for appellee; that an instruction offered without evidence to support it should be refused, cited Strauss v. Minzesheimer, 78 Ill. 492; Graves v. Shoefelt, 60 Ill. 462; Winnishick Ins. Co. v. Schneller, 60 Ill. 465; Bowen v. Rutherford, 60 Ill. 41; Sangamon Ins. Co. v. McKeen, 60 Ill. 167; Durham v. Goodwin, 54 Ill. 469; Lawrence v. Hagerman, 56 Ill. 68; Aurora v. Gillett, 56 Ill. 132; Latham v. Roach, 72 Ill. 179; Van Buskirk v. Day, 32 Ill. 260; Morgan v. Peet, 32 Ill. 281; Lycoming Ins. Co. v. Jackson, 83 Ill. 302; Twining v. Martin, 65 Ill. 157; Meyer v. Mead, 82 Ill. 19.

In case of a failure to deliver a message, the measure of damages should be so much of the loss actually sustained as a person familiar with business of the kind mentioned in the message would be able to anticipate from its terms as a probable consequence of failure to deliver it; and if the terms of

the message do not convey its full value, the operator must be informed of the value: Shearman & Redfield on Negligence, § 605; U. S. Tel. Co. v. Gildersleeve, 29 Md. 232; Hadley v. Baxendale, 9 Exch. 341; Fletcher v. Taylor, 33 Eng. L. & Eq. 187; Griffin v. Colver, 16 N. Y. 489; Landsberger v. Magnetic Tel. Co. 32 Barb. 530.

The question of variance may be raised by instruction: Greenup v. Stoker, 2 Gilm. 688; Hulick v. Scovil, 4 Gilm. 159; Pitman v. Gaty, 5 Gilm. 189; Rockford Ins. Co. v. Nelson, 65 Ill. 415.

Speculative damages and anticipated profits are not allowable in this class of cases: Squire v. W. U. Tel. Co. 98 Miss. 232; Graham v. Tel. Co., 10 Am. Law Reg. 319; Behm v. Tel. Co. 11 Chicago Legal News, 276; Bank of Barnesville v. Tel. Co. 11 Chicago Legal News, 157; Olmstead v. Burk, 25 Ill. 86; Green v. Williams, 45 Ill. 206.

CASEY, P. J.   This was an action on the case brought by appellant in the Madison County circuit court against appellee for a failure on the part of appellee to promptly forward and deliver the following message:

"ST. LOUIS, Mo., Dec. 7, 1875.

"To ARNOLD & ARNOLD, Attorneys, Atlanta, Georgia:

   "Money will be with Perino Brown by twelve; don't sell.
                    "(Signed)             JOHN D. POPE."

The declaration alleges that defendant was and is a telegraph company, owning wires, and engaged in transmitting messages for compensation between St. Louis, Mo., and Atlanta, Georgia; that it was the duty of defendant to transmit and deliver messages promptly between persons at said places; that it received the above copied message from plaintiff on the day of its date, and in consideration of $1.00 paid therefor, agreed to transmit said message and deliver it as addressed in the shortest possible time; that said message was delivered to defendant at 9:35 A. M. on Dec. 7, 1875, and defendant declared it should be transmitted and delivered before 10 o'clock A. M. of said day; that the importance of said message was explained to defendant; it was intended to prevent a sale of cer-

tain real estate advertised under execution to be sold by the sheriff between the hours of 10 A. M. and 4 P. M. on the day said message was sent; that if transmitted and delivered promptly it would have prevented said sale; that owing to the carelessness and negligence of defendant, said message was not delivered until 11:20 o'clock A. M. on said day, at which time said sale was being made by the sheriff, and that said message was not delivered in time to prevent the consumma_ tion of said sale, as it would have done if delivered sooner.

It was further alleged that plaintiff had owned the real estate to be sold, and had agreed to exchange it with one Patillo for $2,500 in money, certain Texas lands, one land certificate and one account, all described in the declaration and alleged to be of the value of $14,990. The Atlanta real estate was worth $11,000. Plaintiff had, prior to the agreement to exchange, mortgaged it to the American Life Ins. Co. for $5,000. The $2,500 cash paid by Patillo was applied on this mortgage, leaving $2,500 still unpaid. This last amount plaintiff had agreed to pay, and until he had paid it, Patillo's deed to the land to be received in exchange was to be left in escrow with Hillyer & Bro., of Atlanta. On payment of the balance due on the mortgage, Hillyer & Bro, were to deliver Patillo's deed to plaintiff. The sale made by the sheriff of the Atlanta property cut off the title which plaintiff was to give Patillo to exchange, and prevented plaintiff from ever getting Patillo's deed to the Texas lands, by reason whereof plaintiff alleges damages, etc.

The pleas of defendant were:

1. That the defendant was not guilty.

2. That the message was sent on a blank containing a printed regulation, which defendant called a condition and agreement, to the effect that unless the sender required and paid for the repeating of said message, the company should in no event be liable for greater damages than the sum paid for transmitting the message; that plaintiff did not require said message to be repeated; that he only paid $1.00 for its transmission, and could recover no more than $1.00 for defendant's failure; that said condition and agreement were made in Missouri, where they were legal and valid.

3.  That said message was sent on a blank containing a printed regulation to the effect that no damages should be recovered unless written claim therefor was made within sixty days after such damages had been sustained, and that plaintiff had made no written demand within sixty days, as required by said regulation.

Plaintiff replied to the second plea—

1.  Denying that he agreed that defendant should not be liable, etc., unless said message was repeated.

2.  Denying that such an agreement would have been valid under the laws of Missouri, and

3.  Denying that he had any knowledge or notice of any conditions or restrictions printed on the blank whereon said message was written, and denying that he assented to any such condition, restriction or regulation.

To the third plea plaintiff replied—

1.  Denying that the message was sent subject to any condition or agreement that no damages should be recovered unless written demand therefor was made within sixty days, and

2.  Averring that defendant had waived any right to written claim, and had accepted verbal notice of claim in lieu thereof.

Defendant demurred to the third replication to the second plea, and the demurrer was overruled.

The case was tried before a jury at March term of said court, resulting in a verdict against appellant. The case is brought to this court by appeal.

Of the errors assigned, it is deemed not necessary or important to discuss any except the second, which is, that the court gave improper instructions on the part of defendant.

The first instruction is as follows: " The court instructs the jury, that the defendant in the absence of instructions to the contrary, was only bound to deliver the message at the office or place of business of Arnold & Arnold, and before the jury can find that the defendant was guilty of negligence in not delivering the message within a reasonable time, the plaintiff must show affirmatively that Arnold & Arnold, or some one for them, was in their office to receive said message at the time it should have been received."

This instruction assumes that the only place defendant was to deliver the message at, was the office of Arnold & Arnold or their place of business. We think this is not the law. The law requires the telegraph company to make, to say the least, an ordinary and reasonable effort to ascertain where the persons are to whom the message is sent, and a reasonable effort to deliver the message. The instruction is upon the theory that the company without special instructions, is not bound to use diligence in the delivery of messages, and in that respect is a limitation of its duty. The latter part of the instruction is quite as objectionable as the first part. It requires that the plaintiff should show before there was any liability on the part of defendant, that Arnold & Arnold, or some one for them, was in their office to receive the message. When the defendant took the money of the plaintiff, it agreed and contracted to deliver the message to the persons to whom it was sent, and when the plaintiff delivered the message, and paid his money to defendant, his duty in the premises ceased. Then it became the duty of defendant, to transmit the message and deliver it. If it was unable to do either, that was matter of defense, and for the defendant to show certainly it was not incumbent upon the plaintiff to show by evidence, that the persons to whom the message was sent, were at any particular place. It has been well said, that the only safe rule for the public is to hold these companies to the same liabilities as natural persons, who when they undertake for a compensation to perform a duty or work, shall perform it, or to be excused, shall show a good reason for the exemption, and the *onus* must be upon the company. This rule is alike demanded by the simplest justice and by public policy.

The second instruction is as follows: "Although the jury may believe from the evidence that the message was not delivered to Arnold & Arnold, until one hour after its receipt at defendant's office, yet, before the jury can find the defendant guilty of negligence in failing to deliver said message, it must appear from the evidence that Arnold & Arnold, or some one for them, was in their office during that time ready to receive said message." A glance at this instruction will show that it

is quite as obnoxious as the first. It also assumes that the only place for the delivery of the message was at the office of Arnold & Arnold, and it ignores the idea of diligence on the part of the defendant, and in substance, stated to the jury that the message arrived in ample time in Atlanta, but there was no liability on the part of the company because the plaintiff had not shown it might have been delivered. The defendant knew whether or not it could deliver the message by the use of reasonable diligence, and the defendant knew what efforts, if any, it made to deliver the message. These facts were within the knowledge of the defendant and not of the plaintiff, and the rule that the *onus* in such case is upon the defendant, is founded in plainest dictates of common reason and justice. Therefore, to be excused from liability the defendant must show, at least, that it used ordinary care and diligence in attempting to deliver said message. It is true that the degree of diligence to be used depends, to some extent, on circumstances. The message, in this case, was such as to disclose the nature of the business and to notify the defendant that its prompt delivery was required. It was enough to put the defendant on the alert, and to indicate that damage might result from a failure to deliver the message at the earliest practicable moment.

The third instruction is as follows: "If the jury believe from the evidence, that the money sent to Atlanta was not sent by plaintiff to pay off the judgment against the property, but was sent by one Dryden to a bank in Atlanta, to be paid over to the plaintiff in said judgment, or its attorneys, upon condition that said judgment should be assigned to said Dryden, then under the pleadings in this case, the jury must find for the defendant."

This instruction proceeds upon the theory that there is a variance between the declaration and the proofs. The averments in the declaration are that the plaintiff did by noon, of the day the message was sent, deposit to the credit of Perino Brown, the person named in the message, the sum of twenty-nine hundred dollars, which was more than the sum due on the executions for the purpose of paying off said executions.

The proof shows that the plaintiff obtained the money through or from Dryden, went to the bank in St. Louis and deposited the money to the credit of the said Perino Brown, cashier of the bank at Atlanta.    Brown was notified of the deposit having been made, and directed to pay the amount due on the executions against plaintiff, and have said executions assigned to plaintiff.    No objection was made to the introduction of this testimony, because of a variance or otherwise.    We think that there was no substantial variance between the proofs and the averments in the declaration.    The transaction was by the plaintiff, Dryden, from whom he had procured the money, was for that purpose acting as his agent.    The acts of the agent were the acts of the principal.    The central idea was that the money should be with Perino Brown, by noon of that day, and that there should be no sale of the property.    That fact it was incumbent on plaintiff to show, and he did show it.    We think the proof was a substantial compliance with the averments in the declaration.    We see no objection to the 4th instruction, and whatever there is objectionable in 5th instruction is fully cured by plaintiffs 6th instruction.

For the reasons aforesaid the judgment of the circuit court is reversed, and the cause remanded.

<div align="right">Reversed and remanded.</div>