WESTERN UNION TELEGRAPH CO. v. C. A. DRAKE.

Delivered May 30, 1896.

**Telegraph Company—Special Delivery of Message in Country—Contract Construed.**

A telegraph company received a message for transmission to a point on its line, agreeing to there hire a special messenger and send it to the addressee at a named postoffice in the country. Held, that it was the company's duty to find the man addressed, if by reasonable efforts and inquiry he could be found anywhere in the vicinity of the postoffice addressed, it being presumably known to both parties that the place addressed was a country postoffice in the vicinity of which the addressee lived.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Stanley & Spoonts*, for appellant.—The defendant telegraph company was not required to do more than it contracted to do, and in this case its contract was to carry the message to C. A. Gifford, at Post Oak, and there deliver it to him.   It was not under its contract required to carry said message to any place except Post Oak, and its contract to transmit and deliver the message at Post Oak did not require it to carry the message to a point three or four miles in the country, but only to carry it to Post Oak and deliver it to Gifford, if he was there.   If he was not there, and the message could not there be delivered to him, the company was not in duty bound to carry it and deliver it to him at some other place.   Tel. Co. v. Young, 77 Texas, 245; Tel. Co. v. Cullers, 3 Willson's C. C., 289; Givens v. Tel. Co., 24 Fed. Rep., 119; Tel. Co. v. Neill, 86 Texas, 368; Tel. Co. v. Taylor, 22 S. W. Rep., 532.

*Carter & Lewright*, for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover of appellant damages for mental anguish for an alleged failure on the part of appellant to transmit a certain message delivered to it at Decatur, Texas, to be transmitted to Bowie, Texas, over its wires, and thence about 20 miles in the country by special messenger to C. A. Gifford, at Post Oak, in Jack County, a country post office.   The message was as follows:

"DECATUR, TEXAS, January 25, 1892.
"*To C. A. Gifford, Post Oak, Texas:*   (Mail).
"Perry can't live.   Can you come?   Answer.
[Signed]                              "MRS. P. W. DRAKE."

C. A. Gifford was the sender's brother, and Perry was her husband.

The evidence establishes sufficient facts to sustain the verdict of $700, if the telegraph company is liable at all.   In fact, no complaint is made against the amount of the verdict.

The record shows that Gifford resided on a farm three miles from Post Oak and near the main road leading from Bowie to Post Oak, but had no office or place of business at Post Oak; that he was not at Post Oak on the 25th day of January, nor did he go there until on the 28th day of January, when he received the message from the hands of the postmaster at about 12 o'clock noon of that day.

It is about 40 miles from Decatur to Bowie by rail, and about 36 miles from Decatur to Post Oak.   As soon as the message was received by Gifford he immediately returned home, and thence went at once across the country in a buggy to Decatur, but when he arrived his brother-in-law had been buried—he having died on the morning of the 26th about 6 o'clock.   If the message had been delivered to him at 11 or 12 o'clock of the 25th, which could have been done by special messenger from Bowie, he would and could have driven to Decatur that afternoon and night, and would have been with his sister and her husband during his

last hours, and aided and comforted her in her deep sorrow and distress.

The message was delivered to appellant's agent at Decatur at about 8 o'clock a. m. on the 25th by Rev. Mr. Leatherwood, whose undisputed testimony is that he explained to the agent the necessity of dispatch in delivering the message and the relationship in part of the parties, and that it would not do to mail the message at Bowie to Gifford at Post Oak; that he would not send it if it was to be mailed, but required it to be sent from Bowie to Gifford at Post Oak by special messenger, and offered to pay the price, which the agent said would be $2.50 or $3, when the agent said he did not know what amount to charge, but agreed to send by special messenger upon Mr. Leatherwood agreeing to guarantee the cost of so sending, which he did, and it was then delivered to be sent by special messenger from Bowie. The agent, however, sent the message to Bowie at once, but marked it to be mailed to Post Oak, and it was so mailed. The agent at Bowie received it between 8 and 9 o'clock the same morning, and put it in an envelope and addressed it as follows: "C. A. Gifford, Post Oak, Texas. Important telegram. Answer at once," and placed it in the post office. The mail leaves Bowie for Post Oak at 1 o'clock p. m. every day, and reaches Post Oak about 6 o'clock on the same day.

It had been arranged between Gifford and Mrs. Drake, his sister, that she should send him a telegram if her husband's illness should take a fatal turn, and he agreed to go to her at once, and he was expecting a telegram from her at any time. The message when written out and delivered to the appellant's agent at Decatur did not have the word "mail" in it, but that was added or placed there by the company's agent without the consent or knowledge of the sender.

C. A. Gifford was a farmer and man of a family, and received all his mail at Post Oak, sometimes going there once or twice a week, sometimes three or four times a week. It does not appear how long he had lived in that vicinity, nor whether he owned his farm, nor to what extent he and his place of residence were known to the postmaster or other citizens of Post Oak; but the evidence shows that he resided at the time of the trial, in May, 1895, at the same place that he did when the telegram was sent, in January, 1892, and it does not appear that he or his place of residence was unknown to the postmaster and other inhabitants of Post Oak, or that he was a stranger in that neighborhood.

The appellant, to escape liability, plead general denial, and that Gifford lived 20 miles from Bowie, and beyond the free delivery limits as fixed in the printed blank upon which the message was written and which formed part of the contract, and that appellee failed to pay or guarantee the cost of sending out the message to Gifford by special delivery.

The court charged the jury as follows: "If you believe from the evidence that a message as alleged and set out in the plaintiff's petition was delivered by the plaintiff, or by W. M. Leatherwood, acting for and at

the plaintiff's request, to the agent of the defendant at Decatur on the morning of the 25th of January, 1892, with instructions to send the same at once and to have the same delivered by special messenger and not by mail from Bowie, Texas, to the home of C. A. Gifford, and that the extra charges for the delivery of said message in that manner, viz., by special messenger, were offered or guaranteed at the time the same was delivered to the defendant's agent at Decatur, and if you believe from the evidence that the defendant's agent received the same upon the promise of the party delivering it to him to pay the extra charges for delivery or be responsible therefor, without requiring the said extra charge to be actually paid in advance, and without requesting any other or further guaranty or assurance of the payment of extra charges for the delivery of the same than was then made by W. M. Leatherwood, and if you believe from the evidence that the defendant's agents failed to deliver the same by special messenger, but sent the same by mail, and if you believe that by reason of sending the same by mail the same did not reach C. A. Gifford until it was too late for him to reach Decatur in time to attend the last sickness or funeral of the plaintiff's husband, and if you believe from the evidence that C. A. Gifford would have been present had the same been delivered promptly by special messenger, and if you further believe from the evidence that the plaintiff sustained any mental suffering as alleged, by reason of not having C. A. Gifford present, then it will be your duty to find for the plaintiff; and unless you so find, you will find for the defendant."

The appellant requested the following charge, which was refused: "If you find from the evidence that the contract as made between the plaintiff, by her agent, and the defendant, by its agent, was to transmit the telegram in question to Bowie, Texas, and send the same by special messenger to Post Oak, Texas, and if you further find that the addressee of said telegram did not reside at Post Oak, and that the delivery of said telegram at Post Oak, in accordance with the terms of said contract, would not have accomplished the purpose for which said telegram was attempted to be sent, and would not have prevented the injuries claimed to have been suffered by plaintiff, then you will find for the defendant."

Appellant's assignments of error which complain of the giving of the charge first above set out and the refusal of the other asked by it, are based upon two legal propositions which it asserts, as follows:

First: "The defendant telegraph company was not required to do more than it contracted to do, and in this case its contract was to carry the message to C. A. Gifford at Post Oak, and there deliver it to him. It was not under its contract required to carry said message to any place except Post Oak, and its contract to transmit and deliver the message at Post Oak did not require it to carry the message to a point three or four miles in the country, but only to carry it to Post Oak and deliver it to Gifford if he was there. If he was not there, and the mes-

sage could not there be delivered to him, the company was not in duty bound to carry it and deliver it to him at some other place."

Second: "There being no evidence to support that portion of the court's charge with reference to the agreement upon the part of the defendant to deliver the telegram to the home of C. A. Gifford, as the testimony was that the defendant agreed to carry it to Post Oak, it was error for the court to submit that issue to the jury, as the same was not made by the proof in the case."

The legal effect of the contract as made in this case was, that in consideration of 25 cents cash paid by appellee's agent, and the guarantee of the price for sending the message by special messenger from Bowie to C. A. Gifford, at Post Oak, Texas, the appellant undertook and agreed to transmit the message from Decatur to Bowie over its wire, and there to immediately hire a special messenger and send it as speedily as possible to C. A. Gifford at Post Oak, and deliver it to Mr. Gifford, if he could be found by making inquiry of such persons at Post Oak as would most likely inform the messenger of his place of business or residence.

The evidence shows that the free delivery limits at Bowie are one-half mile from appellant's telegraph office, and that it had no office at Post Oak, and that C. A. Gifford resided on or near the main road leading from Bowie to Post Oak, and three miles nearer to Bowie than was Post Oak, and it is evident that if appellant had performed its contract as it agreed to do, by employing the special messenger at Bowie, the messenger, by proper inquiry at Post Oak, would undoubtedly have learned that Gifford lived on his road back home three miles out from Post Oak, and he could have easily delivered the message to the addressee; and this, we think, is what its contract with appellee's agent required it and its special messenger to do.

Presumably it was known to both parties that Post Oak was simply the name of a country post office, at which Gifford received his mail, and in the vicinity of which he resided and could be found, and that part of the address required of appellant's special messenger the duty of going to that point and there inquiring for C. A. Gifford's business house or residence, and upon learning of his place of residence it would have been the messenger's duty to go to his residence and deliver the message there, and nothing short of this would be a reasonable interpretation of this contract. See Gray's Com. by Tel., sec. 23; W. U. Tel. Co. v. Houghton, 82 Texas, 561; Pope v. W. U. Tel. Co., 9 Ill. App., 283; Tel. Co. v. Cooper, 71 Texas, 515; S. C., 10 Am. St. Rep., 772.

There were no free delivery limits around Post Oak, as the company had no office there, and the free delivery limit of the contract did not apply to it.

We are therefore of opinion that the charge of the court, in effect, that it was the duty of the appellant to employ a special messenger under this contract, and to deliver the message at the home of C. A. Gifford, was not error, for it was the company's duty to find the man to

whom the message was addressed and deliver it to him, if by reasonable efforts and inquiry he could be found anywhere within the vicinity of Post Oak, and the appellant having failed to employ a special messenger or try to do so, but sending the message by mail when it had been informed that mailing it would not be sufficient, and having demanded, received and accepted a guarantee for the costs of a special messenger to deliver without limit as to amount, it was clearly its duty to hire the messenger and find the addressee, as the message indicated, as well as the actual information given the company, that the greatest dispatch would be required in the delivery of the message, to accomplish the purpose for which it was sent.

Finding no error in the judgment, it is affirmed.

*Affirmed.*