CASE 104—ACTION FOR DAMAGES FOR DELAY IN DELIVERING
TELEGRAM—FEB. 24.

# Western Union Telegraph Co. v. McIlvoy.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. NEGLIGENCE IN TRANSMITTING TELEGRAM.—Delay in the transmission of a telegram from Rocky Ford, Col., to Willisburg, Ky., caused by the failure of a telegraph company's messenger to put the message in the postoffice for transmission from Springfield to Willisburg from the morning of March 1st when the same was received at Springfield, to the afternoon of March 4th, is culpable negligence for which the person to whom the message was sent may recover damages.

2. DAMAGES—NOT EXCESSIVE.—As the message showed on its face the insanity of plaintiff's brother and requested plaintiff to come, and as it is easily inferable from the proof that had the plaintiff reached his brother a few days earlier, his life might have been saved, or at any rate his suffering greatly alleviated, a verdict for one thousand dollars for the plaintiff's mental anguish is not so large as to justly interference on the part of this court.

WM. LINDSAY AND A. E. RICHARDS ARGUED THE CASE ORALLY FOR APPELLANT.

(No brief for the appellant in the record.)

CLEMENTS & THURMAN FOR THE APPELLEE.

1. It is now well settled that one can recover for the delay in the delivery of a telegram on account of injured feeling even where the telegram is sent by another. 90 Ky., 265; Shearman & Redf. on Neg., sec. 605; 55 Tex., 308; 66 Tex., 580; 71 Tex., 723; 86 Tenn., 695; 123 Ind., 294; 32 N. E. R., 871.

2. The verdict can not be held to be excessive. The message shows on its face its importance and the neglignce in failing to deliver it is gross. 19 S. W. R., 336; W. U. Tel. Co. v. Smith, 15 Ky. Law Rep., 334.

3. The appellant can not contract to limit its liability. W. U. Tel. Co. v. Cleaver, 13 Ky. Law Rep., 301.

RICHARDS & RONALD FOR APPELLANT IN A PETITION FOR A REHEARING.

(Counsel confined their argument to the question of excessive damages.)

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On March 5, 1895, the appellee, at Willisburg, Kentucky, received a telegraphic message from Rocky Ford, Colorado, and which had been sent over the line of the appellant to Springfield, and then by mail forwarded to him, as had been arranged should be done by the sender at Rocky Ford. The message had been received at appellant's office in Springfield on the morning of the 1st day of March, and was immediately inclosed in a stamped envelope, addressed to appellee, and delivered by the operator to the messenger boy, with instructions to place it in the post-office, from which it would go to Willisburg that afternoon. The messenger boy forgot to mail it until the afternoon of March 4th, and until too late for it to go on that day's mail. It reached appellee at about six o'clock in the evening of the 5th. The message was received at the Rocky Ford office at about nine o'clock on the night of February 28th, and reached the Springfield office at about nine o'clock on the morning of March 1st, and read as follows: "To Dan Mc-Ilvoy, Willisburg, Ky.: George insane. Taken to La Junta to-night for safe-keeping. Come. Walter Dews."

The "George" of the message was a brother of the sendee, now appellee. The latter left at once for Colorado, reaching Pueblo, where his brother was confined in an asylum, on the 10th of March, having been detained a day at Kansas City by missing a connection, and at La Junta a day, where he first stopped. He found his brother a wreck, both mentally and physically. He had refused food and drink from the strangers around him for a number of days, was emaciated and weak, but quite violent at times, and was tied or bound so as to prevent him from injuring himself. He at once recognized the appellee, and accepted

food and drink from him.  He revived somewhat after this, but died in a few days.

This suit was brought by the appellee for mental anguish growing out of the negligent delay of the company in delivering the message.  That there was negligence is palpable, and that the urgency of the message was apparent on its face is also evident.  The appellee is, therefore, entitled to recover under the law as settled by this court in a number of similar cases recently considered.  The amount of the recovery—$1,000—is rather large, but, under all the circumstances, not so large as to call for interference.  It is easily inferable from the proof that, had the appellee reached his brother a few days earlier, his life might have been saved, or at any rate, his sufferings greatly alleviated.  The belief of this fact naturally greatly increased the appellee's anguish, and this anguish is directly traceable to the delay in getting the message.

The errors with respect to the introduction of testimony are inconsequential, and the law of the case was given the jury with reasonable clearness.

Judgment affirmed.