THRASH *v.* STATE.

Opinion delivered June 11, 1906.

1. RECEIVING STOLEN PROPERTY—SUFFICIENCY OF INDICTMENT.—An indictment which in apt terms alleges the receiving of a stolen hog with intent to deprive the true owner thereof alleges an offense under Kirby's Digest, § 1830. (Page 348.)

2. WITNESS—IMPEACHMENT.—A witness can not be impeached on cross-examination by his admission that he has been convicted of an infamous crime, as the record of conviction is the best evidence of that fact. (Page 348.)

3. LARCENY—EVIDENCE OF INTENT TO STEAL.—Evidence that a hog belonging to A was found in defendant's possession with its earmarks changed, that he then offered to and did buy it of A, and that he claimed to have purchased it from another who denied having sold or delivered it to him, was sufficient evidence of an intent to steal. (Page 349.)

Appeal from Monroe Circuit Court; *George M. Chapline,* Judge; affirmed.

### STATEMENT BY THE COURT.

The grand jury of Monroe County returned an indictment against appellant, Wes Thrash, containing two counts, one charging the crime of grand larceny by stealing a hog, and the other the crime of receiving stolen property. He was tried and convicted. The jury returned a general verdict, without specifying the count upon which the verdict rested, and fixed the punishment at a term of one year in the penitentiary.

*George F. Chapline,* for appellant.

1. The possession alone of stolen property is not sufficient to sustain a conviction of larceny. It must be shown that the property was recently stolen, and the possession must be unexplained. 44 Ark. 41; 34 Ark. 443; 54 Ark. 621; 55 Ark. 224. No felonious intent is proved in this case. Kirby's Digest, § 1821; Bish. Cr. Law, 427; 32 Ark. 239.

2. The court erred in refusing to exclude and withdraw from the jury the testimony of witness Park. Witness admitted his infamy on cross-examination. 70 Ark. 288. As distinguishing between "impeachment" and "competency" of witnesses, see Kirby's Digest, § § 3138, 3095. Since in our statute there is

nothing said about the competency of witnesses in criminal cases, the common law must be taken as the guide, which makes petit larceny an infamous crime.    1 Bish. Cr. Law, § § 743, 744; 6 Fed. 861; 3 Eng. Ev. 204, and cases cited.

3.    Appellant could not be convicted of receiving or buying a hog, knowing it to be stolen, because that animal is not mentioned in the statute.    Kirby's Digest, § § 1828, 1829.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

1.    Appellant's explanation of his possession is not satisfactory, and there is ample evidence to support the verdict.

2.    It is settled that the admission of a witness is not competent evidence of his infamy for the purpose of disqualifying him, although it may be shown to affect his credibility.    33 Tex. Crim. 177; 94 Tenn. 505; 3 Enc. of Ev. 207, and cases cited. The record of the conviction, if in existence and accessible, must be produced.    1 Greenleaf, Ev. § 375; 58 Ark. 278; 70 Ark. 282; 49 Ark. 156; 33 Ark. 475.

3.    Granted that appellant could not be punished under Kirby's Digest, § 1829, but see *Ib.* § 1830.

McCULLOCH, J., (after stating the facts.)    1.    It is contended by appellant that the second count of the indictment for receiving stolen property does not charge the commission of a public offense, and in support of that contention it is pointed out that section 1829, Kirby's Digest, relating to the crime of receiving stolen animals, does not mention hogs.    Counsel for appellant has doubtless overlooked section 1830, Kirby's Digest, which provides that "whoever shall receive or buy any other goods, money or chattels, knowing them to be stolen, with intent to deprive the true owner thereof, shall, upon conviction, be punished as is, or may be, by law prescribed for the larceny of such goods or chattels in cases of larceny."

The indictment, in apt terms, charges an offense under this section.

2.    The State introduced as a witness one James Parks to prove an essential element of the crime, and on cross-examination he admitted that he had been convicted of petit larceny before a justice of the peace of the county.    The defendant then asked

that the testimony be excluded on the ground that he was incompetent to testify, and saved exceptions to the refusal of the court to exclude the testimony.   This court held in *Vance* v. *State,* 70 Ark. 272, that the incompetency of a witness by reason of previous conviction of an infamous crime could be established only by introduction of the record of the conviction—that the admission by the witness of his conviction was insufficient to establish his incompetency, though the admission might go to the jury on impeachment of his credibility.  ·We do not feel disposed to overrule that case, and it is conclusive of the question.

3.  It is earnestly argued that the evidence is insufficient to warrant a conviction of the defendant, in that it fails to establish, beyond a reasonable doubt, an intent to steal.   The defendant is charged with stealing a hog, the property of one Bias Anderson. Anderson found the hog, with the ear marks changed, in defendant's possession, and the latter, after a parley, offered to buy, and did buy it from Anderson.   He claims to have bought the hog from James Park.   Park was introduced by the State, and testified that he did not sell or deliver the hog to defendant.   The defendant's explanation of his possession of Anderson's hog was corroborated, in some measure, by the testimony of other witneses introduced by him, but we can not say that the jury were unwarranted in believing the statement of Parks, instead of those of defendant, and in rejecting his explanation of the possession of the hog.

Appellant also complains at the refusal of the court to give certain instructions which he asked, but we find that they were substantially covered by the instructions given by the court of its own motion.   There was, therefore, no error.

Affirmed.