WESTERN UNION TELEGRAPH COMPANY *v.* BLACKMER.

Opinion delivered May 6, 1907. ·

1. TELEGRAPH COMPANIES—NOTICE OF SPECIAL DAMAGES.—A telegraphic message, directing the person to whom it was addressed to call at a certain banker's for some money, and adding: "Mother very low with pneumonia," was sufficient to suggest that a near relationship existed between the person mentioned in the message and the person addressed, and that the object of the message was to afford to the latter an opportunity of visiting the sick relative. (Page 527.)

2. SAME—EXCESSIVENESS OF DAMAGES.—A verdict of $1,000 against a telegraph company for negligent failure to deliver a message which would have apprised the plaintiff that her mother was very sick, in consequence of which plaintiff failed to see her mother before her death, was not excessive when plaintiff and her mother were living together, and were attached to one another. (Page 528.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*Mechem & Mechem,* for appellant.

There being no proof of notice to the company of the real relation of the parties, there can be no recovery. 30 S. W. 896; *Id.* 298; 34 S. W. 649; 39 *Id.* 198; 54 *Id.* 830; *Id.* 829. The verdict is excessive unless the appellant had been guilty of gross negligence.

*A. S. Vandeventer* and *Walker & Walker,* for appellee.

It is true that where a person is, by failure of the telegraph company to deliver a message, prevented from attending the funeral of some relative not of blood relation, he can not recover for injury caused thereby unless he proves that at the time the message was delivered to the company the latter was notified of the tender relations existing between plaintiff and deceased. But the wording of the message in this case was sufficient to put the company upon notice of the relationship between the parties, and renders the company liable for its failure to deliver. 77 Ark. 531; 78 Ark. 545. The message was not transmitted as it was delivered to the company; this makes a *prima facie* case of negligence for which there is no explanation made, and the company is therefore liable. 34 L. R. A. 429; 68 Ga. 299; Gray on Com. by

Tel. § 77; 60 Ill. 421· 57 Mo. App. 259; 37 Ohio St. 301; 62 Me. 209; 15 Mich. 525.

BATTLE, J. This was an action brought by Docia W. Blackmer against the Western Union Telegraph Company to recover damages on account of pain and mental anguish sustained by reason of the negligence of the defendant in failing to deliver a telegram to her, notifying her of the serious illness of her mother, in consequence of which the plaintiff failed to reach the bedside of her mother before she died. Plaintiff recovered judgment for $1,000, and the defendant appealed.

The only grounds upon which appellant seeks a reversal are:

(1.) "That the message did not disclose the relationship between the appellee and her mother; and that there was nothing upon the face of the message to justify the company in presuming that the person referred to as mother was the mother of appellee; and that it would be fair to presume that the mother referred to was not in fact appellee's mother, but was her mother-in-law; and that, therefore, appellee would not be presumed to suffer any mental anguish and pain by reason of being unable to be present at the death bed of her mother-in-law."

And, (2.), that the verdict is excessive.

1. In *Western Union Telegraph Co.* v. *Raines,* 78 Ark. 551, this court said: "The rule as to telegrams relating to sickness and death * * * is stated in *Western Union Telegraph Co.* v. *Kirkpatrick,* 76 Texas, 217, 18 Am. St. Rep. 37, as follows: "In telegraph messages conveying information of sickness and death, if the language was sufficient to suggest that a near relationship existed between the person mentioned in the message and the person addressed, and that the object of the communication was to afford the latter the opportunity of going to his relation, it would be sufficient, without further notice, to render the company liable for damages for any mental suffering that should result to him from his being deprived of the consolation which his visit would have afforded, provided the negligence of the company in failing to make a prompt delivery was the cause of the injury."

The message sent in this case was as follows:

"To Mrs. Docia Blackmer,

"1102 Ringo Street, Little Rock, Ark.

"Call at Worthing Co., Bankers, for ten dollars. Mother very low with pneumonia."

We think that the message comes within the rule, and was "sufficient to suggest that a near relationship existed between the person mentioned in the message and the person addressed, and that the object of the communication was to afford the latter the opportunity of going to her relatives." The telegraph company could have well inferred that the mother mentioned was the mother of Mrs. Blackmer. Prudence, reason and humanity ought to have prompted it to act upon that assumption.

2. No safe and satisfactory rule can be laid down for the assessment of damages in cases like this, but each particular case must be decided upon its own merits. In many cases similar to this courts have held verdicts for damages not exceeding $1,000 were not excessive. *Western Union Tel. Co.* v. *Seed,* 115 Ala. 670; *Western Union Tel. Co.* v. *McIlvoy,* 107 Ky. 633; *Same* v. *Frith,* 105 Tenn. 167; *Same* v. *Porter* (Texas), 26 S. W. 866; *Same* v. *O'Keefe* (Texas), 29 S. W. 1137; *Same* v. *Russell* (Texas), 33 S. W. 708; *Same* v. *Trice* (Texas), 48 S. W. 770; *Same* v. *Patton* (Texas), 55 S. W. 973; *Same* v. *Norris* (Texas), 60 S. W. 982; *Same* v. *James* (Texas), 73 S. W. 79. In this case the mother at the time of her death was making her home with appellee, and had been living with her continuously for about four years; had gone to stay with a brother of appellee during her absence at Little Rock; was about 79 years old; had lived with or near appellee nearly all the life of the latter. Appellee was attached to her mother, and there had been no estrangement between them. Under the circumstances the verdict is not excessive.

Judgment affirmed.