## ADAMS v. STATE.

### Opinion delivered January 10, 1910.

1. SEDUCTION—IMPEACHMENT OF PROSECUTRIX.—Where the prosecuting witness in a prosecution for seduction testified in her examination in chief that she had never had sexual intercouse with any man except defendant, she may be impeached by proof that she had had intercourse with another since the date of the alleged seduction. (Page 261.)

2. SAME—EVIDENCE—PUTATIVE CHILD.—Where, in a prosecution for seduction, the prosecuting witness claims to have a child by the defendant, it was not error to permit her to testify that the child resembled him. (Page 263.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Ben Cravens,* for appellant.

The court erred in refusing to allow appellant to prove acts of sexual intercourse on the part of prosecutrix with witness Abels since the date of seduction, for the purpose of impeaching her credibility. 40 Ark. 487. It was also error to permit the prosecutrix and her mother to testify as to the resemblance of the child to appellant.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

Proof of acts of unchastity subsequent to the alleged seduction was inadmissible. Wigmore, Ev. (vols. 1 and 5, art. 205); 11 Ala. 68; 34 Ga. 1; 48 Ia. 671; 51 Ia. 467; 55 N. Y. 644. The testimony as to the likeness of the child to its alleged father was proper. 1 Wigmore, Ev., 166; 3 *Id.* 1974-1977. Moreover, appellant is in no position to complain, as he made no effort to get the child before the jury.

BATTLE, J. Will Adams was indicted for seducing Rowena Hamblin, and convicted. He prosecutes an appeal to this court from this conviction.

Rowena Hamblin testified in the trial of the defendant that he, in the month of October, 1908, obtained carnal knowledge of her by virtue of a false promise of marriage made to her by him; and of this intercourse a child was born. In her examination in chief she testified that she never had sexual intercourse with any other man at any time or any where. Defendant offered to prove that Charles Abels had sexual intercourse with her since the last day of November, 1908, which is since the day of seduction, at different times, for the purpose of contradicting her and thereby impeaching her credibility; and the court refused to allow him to do so.

The prosecuting witness was allowed to testify, over the objection of the defendant, that the child resembled him.

In *Butler* v. *State,* 34 Ark. 485, it is said: "In order to avoid an interminable multiplication of issues, it is a settled rule of practice that when a witness is cross-examined on a matter collateral to the issue, he can not, as to his answer, be subsequently contradicted by the party putting the question.

The test of whether a fact inquired of in cross-examination is collateral is this, would the cross-examining party be entitled to prove it as a part of his case, tending to establish his plea? This limitation, however, only applies to answers on cross examination. It does not affect answers to the examination in chief. 1 Wharton, Evidence, § 559."

In *McArthur* v. *State*, 59 Ark. 431, "the indictment, in substance, charges that appellant slandered one Pearl Jones by falsely uttering and publishing about her words which in their common acceptation amounted to charge the said Pearl Jones with having committed fornication and adultery with the sons of appellant. On the trial of the case, Pearl Jones was introduced as a witness for the State, and testified that she had never had sexual intercourse with either of defendant's sons or any one else. On cross-examination she was asked if she had not had sexual intercourse with Joe Darr, and concerning other circumstances having no connection with the charge in the indictment. To contradict the prosecutrix, and to show that she was a woman of lax morals, the appellant was allowed to introduce proof to show that she had committed fornication with Joe Darr, and had been guilty of other criminating acts." Mr. Justice RIDDICK, speaking for the court, said: "The general rule is that, when a witness is cross examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question; but this limitation only applies to answers on the cross-examination. It does not affect answers to the examination in chief. Wharton's Crim. Ev. (8th Ed.), § 484; *State* v. *Sargent*, 32 Me. 429. When a party, in his examination in chief, is allowed to inquire about collateral acts, the opposing side will usually be allowed to contradict the witness by evidence showing to the contrary. The prosecuting attorney, after having asked Pearl Jones whether she had had sexual intercourse with either of the sons of defendant, elected to proceed further and to ask her if she ever had sexual intercourse with any man. It was therefore proper to allow defendant to contradict her by evidence to show that she had been guilty of such acts of illicit intercourse, though such evidence could not go in justification of the crime, but at most only to contradict and impeach the witness." *Polk* v. *State*, 40 Ark. 482, 485.

The testimony of Charles Abels, offered to show that he had illicit intercourse with Rowena Hamblin, should have been admitted to contradict or impeach the prosecuting witness.

In Land v. State, 84 Ark. 199, it was held that in a case of bastardy the child may be exhibited in the trial to show its resemblance to the putative father; and in State v. Horton (N. C.), 6 Am. State Reports, 613, 617, in a case of seduction, it was held that such a child may be exhibited for the same purpose. This evidence, it seems, should be admissible in both classes of cases for the same reason. The admissibility of the testimony of the witnesses to prove the resemblance of the features of the child to those of the putative father is doubtful. Professor Wigmore discussed this subject in a satisfactory manner, and concluded as follows: "The sound rule is to admit the fact of similarity of specific traits, however presented, provided the child is, in the opinion of the trial court, old enough to possess settled features or other corporal indications. It is to be noted that the evidence is relevant, not merely in bastardy proceedings, but also in trying the legitimacy of a child born during marriage, whenever the presumption of legitimacy allows the issue to be raised, as well as occasionally in other proceedings." 1 Wigmore on Evidence, § 166, and notes; 3 Ib. § § 1974-1977. We think that such evidence is admissible in cases of seduction. Wright v. Hicks, 15 Georgia 160, s. c. 60 Am. Dec. 687; Paulk v. State, 52 Ala. 427. The weight of the evidence should be left to the jury, uninfluenced by any opinion of the court as to the child being old enough to possess settled features or other corporal indications.

Reversed and remanded for new trial.