## TURNER *v.* STATE.

### Opinion delivered October 2, 1911.

1. INSTRUCTIONS—REPETITION.—Refusal of the court to give instruction asked was not prejudicial error where they were fully covered by the instructions given. (Page 201.)

2. WITNESSES—IMPEACHMENT OF ACCUSED.—When a defendant in a criminal case becomes a witness in his own behalf, he may be impeached, on cross examination, like any other witness, and may be questioned as to whether he had formerly been convicted of an infamous offense. (Page 201.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. Whether or not it was proper for the prosecuting attorney to ask the witness at the beginning of his testimony if he had been convicted of petit larceny, it was certainly within the discretion of the court to allow it at that time; and, without a showing to the contrary, this court will not presume that the trial court abused its discretion.

2. The admission by a witness that he had been convicted of an infamous crime renders record proof thereof un-

necessary and makes the party incompetent to testify. 67 Ark. 278.

When a defendant in a criminal case becomes a witness in his own behalf, he is subject to impeachment the same as any other witness.   58 Ark. 473;  56 Ark. 7;  46 Ark. 141.

Although the statute making a defendant a competent witness in his own behalf removes the common-law disqualification arising from infamy, yet the fact of his conviction can be used to affect his credibility.  49 Ark. 176;  74 Ark. 397;  44 Ark. 122;  1 Greenleaf, Ev. § 461b.

FRAUENTHAL, J.   This is an appeal from a judgment convicting the defendant, Jim Turner, of the crime of grand larceny.  A number of errors are assigned in the motion for a new trial why the judgment should be reversed; but, after careful examination of the record, we think only two of these alleged errors of sufficient importance to require notice.  These relate to the refusal of the lower court to give certain instructions requested by the defendant, and to its action in permitting the State to ask defendant upon his examination as a witness if he had been previously convicted of petit larceny.

The indictment charged the defendant with the larceny of a cow, the property of one Bammer Harris.  She was the owner of the cow mentioned in the indictment, and of other cattle which ran on the range about three miles from where defendant lived.  This and another cow disappeared from the range, and about five or six weeks thereafter they were discovered in the pasture of one Jewel Bruce, who testified that he had purchased them from one Virge Merritt.  Merritt testified that he had purchased them from the defendant. The testimony on the part of the State tended to prove that the defendant had these two cows in a pen near where he lived, and sold them to Merritt for fourteen dollars, and in a short time thereafter fled from the county.  The defendant introduced testimony tending to prove that he had been authorized by said Harris to sell the cows.  He testified, however, that he had not sold them, but that Merritt had only spoken to him relative to purchasing them. .

The defendant requested the court to instruct the jury in effect that, although they believed from the evidence that the defendant sold the cow to Merritt, still, if they should find

that the defendant was authorized to sell the cow, or honestly believed that he was so authorized, he would not be guilty of larceny. This instruction, we think, was fully covered by the following, which was given at the defendant's request: "3. You are instructed that if the defendant had permission, or honestly believed he had permission, to sell her, he should be acquitted, although you may find that he sold said cow and appropriated the money to his own use."

The defendant also requested the court to instruct the jury in effect that if defendant had permission to sell the cow, and did sell her, and thereupon appropriated the money to his own use, he would not be guilty of the crime of larceny, and could not be convicted under the indictment in this case, although he might have been guilty of some other offense. But we are of the opinion that this instruction was also covered by the charge of the court telling the jury that before the defendant could be convicted of larceny, it devolved upon the State to prove that the defendant did "unlawfully and feloniously take, steal, drive and carry away," the cow in question. Under these instructions, the jury must clearly have understood that if the defendant was only guilty of embezzlement he could not be convicted under the indictment.

The defendant also requested the court to give an instruction defining what an accomplice was; and he asked this instruction on the theory that Merritt was an accomplice, and that his testimony under the law was required to be corroborated. We are of the opinion that this instruction was also covered by others given by the court, in which it charged the jury in substance that if the evidence tended to show that Merritt was an accomplice, or to connect him with the commission of the crime, then his testimony would have to be corroborated by other evidence connecting the defendant with the commission of the crime before the conviction of the defendant would be authorized.

There were other instructions requested by the defendant which were refused by the court, but we are of the opinion that they were fully covered by other instructions which were given; so that the court fully and correctly instructed the jury relative to every phase of the case.

Defendant was offered as a witness in his own behalf, and

before his examination in chief was begun the court permitted the prosecuting attorney, over defendant's objection, to ask him if he had been previously convicted of the crime of petit larceny. To this question defendant in effect answered in the affirmative. It was urged that the defendant's previous conviction could not be proved by parol testimony, but only by the duly authenticated record thereof. The purpose of asking the defendant this question relative to his previous conviction before his examination in chief as a witness in the case was presumably to exclude him as a witness on account of incompetency. Our Civil Code provides that persons convicted of larceny shall be incompetent to testify except by consent of the parties (Kirby's Digest, § 3095.) While this statute is not applicable to criminal trials, still the disqualification at common law arising from the conviction of an infamous crime exists and continues in such trials unless removed by statute. It may be shown that a witness has been convicted of an infamous crime for two purposes: to exclude him on account of incompetency; or to impeach his credibility as a witness. If the object is to exclude the testimony of the witness on the ground that he had been convicted of a crime, then the record of such conviction must be produced, if same is accessible. But when the purpose is only to impair his credibility as a witness, then the conviction may be shown by his examination. *Vance* v. *State,* 70 Ark. 272; *Thrash* v. *State,* 79 Ark. 347.

By section 3088 of Kirby's Digest, a defendant in a criminal case has an unqualified right to testify in his own behalf, and cannot be excluded as a witness because of any previous conviction of crime. *Ransom* v. *State,* 49 Ark. 176. But when a defendant becomes a witness in his own behalf in a criminal case, he is subject to impeachment like any other witness. The testimony which he gives may be discredited and assailed in the same manner that this may be done against any other witness. *McCoy* v. *State,* 46 Ark. 141; *Lee* v. *State,* 56 Ark. 7; *Holder* v. *State,* 58 Ark. 473; *Smith* v. *State,* 74 Ark. 397.

When a defendant in a criminal case becomes a witness in his own behalf, he can, like any other witness, be questioned on his cross examination relative to specific acts for the purpose

of discrediting his testimony. *Hollingsworth* v. *State*, 53 Ark. 387; *Ware* v. *State,* 91 Ark. 555.

Former conviction of an infamous crime affects the credibility of a witness; and when a witness is assailed for the purpose of impairing his credibility, he may be cross examined as to having suffered such former conviction; and the fact of such former conviction can be elicited from the witness himself. *Cash* v. *Cash,* 67 Ark. 278; *Holder* v. *State, supra;* 7 Enc. Ev. 219; 30 Am. & Eng. Enc. Law, 1136.

In the case at bar, after the defendant had in effect admitted that he had been convicted of petit larceny, the court ruled that he could not on that account be excluded as a witness in his own behalf, and thereupon permitted him to testify fully in his defense. The court therefore ruled that he was a competent witness; and the effect of the above testimony only went to his credibility. It may be that it was improper for the court to have permitted the question to have been asked before the cross examination of the witness was reached; but, conceding this to be true, it did not result in error that was prejudicial to the rights of the defendant.

Upon examination of the whole case, we find that there was sufficient evidence to sustain the verdict of the jury, and we do not find that any prejudicial error was committed in the trial.

The judgment is accordingly affirmed.