Tenbrook *v.* Daisy Mfg. Co.

5-3299                                          383 S. W. 2d 101

Opinion Delivered October 26, 1964.

*Rex W. Perkins, Walter R. Niblock and Sam A. Weems,* for appellant.

*Riddick Riffel,* for appellee.

Carleton Harris, Chief Justice. This is a Workmen's Compensation case, wherein appellant contended that she was accidentally injured in the course of her employment, and thus entitled to compensation benefits. The Referee made a finding in her behalf, but this decision was reversed by the full Commission, and on appeal the Circuit Court of Washington County upheld the findings of the Commission, and entered its judgment accordingly.

This case must be affirmed under Rule 9 (d). In *Vire* v. *Vire,* 236 Ark. 740, 368 S. W. 2d 265, we said:

"* * * We have stated numerous times that we are not required to explore a record that is presented to us, but that the duty rests on appellant to furnish this court such an abridgment of the record as will enable us to understand the matters presented. See *Allen* v. *Overturf,* 236 Ark. 387, 366 S. W. 2d 189, and cases cited therein."

The record in this case contains over two hundred and twenty-five pages of pleadings, exhibits, and testi-

mony; but the only portion abstracted is the opinion of the Referee in granting the award.

When appellees, prior to the submission of this case, moved (in their brief filed with the court), that the judgment be affirmed because of appellant's failure to comply with Rule 9 (d), appellant sought permission to supplement her brief with an abstract of the judgment and testimony; but this likewise is not permissible. In *Reeves* v. *Miles,* 236 Ark. 261, 365 S. W. 2d 460, we said:

"The fact that the appellant, in her reply brief, has abstracted the record does not, in our opinion, justify us in waiving the total failure to comply with Rule 9 (d) in the first instance. To do so would be manifestly unfair to the appellees. They were not required to supply the deficiency and were at liberty, if they thought the abstract to be insufficient, to proceed upon the assumption that the decree would be affirmed. To allow the appellant to supply the abstract in the reply brief would have the effect of trapping the appellees."[1]

We have consistently, in dozens of cases, applied the rule here under discussion.

It follows that the judgment is affirmed; it may be stated, however, that, in this instance, appellant has not been prejudiced by failing to present a proper abstract; for the judgment would be affirmed on the merits of the controversy, and the applicable law.

---

[1] In the same case, however, it was said: "We stress the fact that here the appellant's omission was total; we do not intimate that an appellant would be penalized for a mere deficiency such as may result from inadvertence or from a failure to anticipate the appellee's argument."