ROUTEN *v.* VAN DUYSE

5-3896 402 S. W. 2d 411

Opinion delivered May 9, 1966

*Delector Tiller,* for appellant.

*Terral, Rawlings, Matthews & Purtle,* for appellee.

OSRO COBB, Justice. This is a controversy between adjacent rural landowners in Pulaski County. Appellee recovered judgment in the Circuit Court, a jury having been waived, for damages in the sum of $225 resulting from a fire which originated on appellant's lands and spread to the lands of appellee.

After the filing here of appellant's abstract and brief, appellee filed motion for affirmance of the judgment of the trial court under the provisions of Ark. Supreme Court Rule 9(d), alleging insufficiency of appellant's abstract. We quote the pertinent provisions of said Rule as follows:

> *"Abstract.*—The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. . . ."

We have concluded that the motion to affirm the judgment of the lower court should be granted. Appellant's abstract is inadequate to enable us to understand what legal and factual issues were raised in the pleadings; what legal and factual issues were actually joined and at issue at time of trial; and what the trial court found in adjudicating the controversy. Furthermore, the abstract fails to make any reference to the testimony of two of the witnesses who testified. It follows that such an insufficient abstract is inadequate to enable us to reach the merits of the case. In such a situation we must affirm the judgment or decree of the trial court.

We have stated numerous times that we are not required to explore the one record (transcript) that is presented to us. This duty rests on appellant, and it is further his duty to furnish this court in the form of an abstract of the record such an abridgment of same as will

enable us to understand the matters presented for decision. *Tenbrook* v. *Daisy Manufacturing Co.*, 238 Ark. 532, 383 S. W. 2d 101 (1964); *Allen* v. *Overturf*, 236 Ark. 387, 366 S. W. 2d 189 (1963); *Ellington* v. *Remmel*, 226 Ark. 569, 293 S. W. 2d 452 (1956).

Affirmed.

HARRIS, C.J., and GEORGE ROSE SMITH, J., dissent.

BLAND, J., not participating.