David MOORE *v.* STATE of Arkansas

CR 73-165                                                    507 S.W. 2d 711

Opinion delivered April 8, 1974
[Rehearing denied May 6, 1974.]

*Harold L. Hall,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattison,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of assault with intent to kill and his punishment was assessed at 31 1/2 years in the Department of Correction, pursuant to our Habitual Criminal Act, Ark. Stat. Ann §§ 43-2328—2330 (Supp. 1973). Present appellate counsel was then appointed. For reversal, appellant asserts that the lower court erred in allowing the prosecutor to ask appellant "[W]ould you lie to stay out of the Arkansas State Penitentiary?"

The appellant testified in his own behalf, against the advice of his trial counsel, and the following occurred on cross-examination:

[Deputy prosecuting attorney]

Q. All right. Mr. Moore, did you and Eddie Gilliam and Leon Gilliam and another person on March 23rd, 1973, rob Phillip Marlow out here on the interstate?

A. Whereabouts?

[Appellant's attorney]

Your Honor, may I approach the bench?

[Appellant's attorney]

That is a pending case coming up on Friday, which we object to the testimony and we move for a mistrial.

THE COURT:

Overruled.

Q. [Deputy prosecuting attorney continuing] Mr. Moore, I ask you again the same question: Are you guilty of robbing Phillip Marlow in the presence of Eddie and Leon Gilliam and another party on March the 23rd of this year in Pulaski County out here on the interstate?

A. No, sir.

Q. You're not? Are you, and Eddie Gilliam and Leon

Gilliam and another party guilty of robbing on March the 23rd of this year Tony Martinez in Pulaski County out here on the interstate?

A. No, sir.

Q. Mr. Moore, would [you] lie to stay out of the Arkansas State Penitentiary?

A. I pleaded guilty of—

[Appellant's attorney]

Your Honor, I renew my objection made to the second question, also.

THE COURT:

Overruled.

Q. [Deputy prosecuting attorney continuing] Now, you'd like to stay out of the pen, wouldn't you?

A. I pleaded guilty to the first charge that I ever went to the pen for, rape and robbery, and I don't see why I should lie now.

Obviously, appellant's trial counsel was renewing his objection to the inquiry concerning robberies and was not objecting to the question now before us. If a proper objection had been made, it would have called the matter to the court's attention and allowed the court the opportunity to rule upon it. Therefore, we do not reverse since a proper objection was not made to the question now challenged on appeal.

It is well established that when a defendant testifies, like any other witness, he is subject to certain questions on cross-examination, when asked in good faith, to test the witness' credibility, the state being bound by the answer. *Butler* v. *State*, 255 Ark. 1028, 504 S.W. 2d 747 (1974), and *Turner* v. *State*, 100 Ark. 199, 139 S.W. 1124 (1911). For instance, in *Butler* we again recognized our long standing rule that it is permissible to ask, in good faith, a defendant on cross-

examination if he is guilty of committing a named criminal offense. At the same time it is equally well established that a defendant cannot be asked on cross-examination if he was ever indicted, charged or accused of a crime. *Polk* v. *State*. 252 Ark. 320, 478 S.W. 2d 738 (1972), and *Black* v. *State,* 250 Ark. 604, 466 S.W. 2d 463 (1971).

Even though objection was not made to the question propounded in the case at bar, we take this opportunity to firmly state our view that the inquiry is not deemed within the proper scope of cross-examination. It amounted to a supposition and was argumentative. If this conjectural approach is permissible on cross-examination, then there would be no limit to speculative and argumentative inquiries of witnesses on cross-examination in every case. In view of the absence of an objection and the appellant's answer to the question, the asserted error was rendered harmless.

Affirmed.