## Floyd PURSLEY *v.* Earl Leo PRICE

84-13                                    670 S.W.2d 448

Supreme Court of Arkansas
Opinion delivered June 18, 1984

*Thomason & Thomason,* by: *Bryon Thomason,* for appellant.

*Anderson, Crumpler & Bell, P.A.,* for appellee.

RICHARD B. ADKISSON, Chief Justice. On July 3, 1982, at about 12:30 a.m. appellee, Earl Leo Price, age 53, drove onto the premises of the American Motel in Magnolia, Arkansas,

to air up a tire on his truck. Appellant, Floyd Pursley, age 59, lived on the adjoining property and was sitting under his carport talking to his wife when Price drove up. Pursley had been drinking. Pursley yelled to Price, "Hey man, how about turning your lights out? You're blinding us over here." Price proceeded to air up his tire. Pursley repeated his request, but when Price failed to respond, he went to his pick-up and got his "varmint gun" out. As Price was driving off, Pursley fired several shots at his truck. Price stopped, fell in the seat (because he thought he was dead), crawled from his truck to the motel, and telephoned the police.

Price filed suit, and the jury returned a verdict for damages to the truck in the amount of $367.28, for mental anguish damages in the amount of $20,000.00, and for punitive damages in the amount of $30,000.00. On appeal Pursley argues that the trial court erred in admitting testimony as to his reputation for violence when drinking.

The record reflects that Pursley testified on direct examination that he had never shot at anybody and that he had never had any problem other than a speeding ticket in his life. The police officer who investigated the altercation testified for Price in rebuttal that Pursley had a reputation in the community for violence when he was drinking. When a proponent opens the door to a line of questioning, the opposing party may fight fire with fire by introducing rebuttal testimony on that issue. McCormick, Handbook of the Law of Evidence § 57 (1972). By testifying to his past exemplary conduct Pursley thereby opened the door to the admission of rebuttal evidence, otherwise inadmissible, concerning his reputation for peacefulness. We do not hold or imply that Ark. Unif. R. Evid. 404 is abrogated, but we conclude that under the circumstances of this case, the trial court did not abuse its discretion in admitting the testimony.

Appellant further argues that the reputation testimony was produced without a proper foundation. Appellant's timely objection to the testimony on this ground was sustained. But appellant failed to move to strike the testimony; therefore, the issue is not preserved for appeal.

Appellant last argues that the jury verdict for mental anguish damages in the amount of $20,000.00 and for punitive damages in the amount of $30,000.00 was so great as to demonstrate passion and prejudice on the part of the jury and to shock the conscience of this Court. We do not agree. Appellant's conduct was completely unacceptable and repugnant to normal response in civilized society. This Court has previously held that the amount of damages growing out of mental anguish is ordinarily left to the determination of the jury. *W.U. Tel. Co.* v. *Blackmer,* 82 Ark. 526, 102 S.W. 366 (1907). Punitive damages constitute a penalty and must be sufficient not only to deter similar conduct on the part of the same tortfeasor, but they must be sufficient to deter any others who might engage in similar conduct. *Matthews* v. *Rodgers,* 279 Ark. 328, 651 S.W.2d 453 (1983).

Affirmed.

Purtle, J., dissents.

John I. Purtle, Justice, dissenting. Arkansas Unif. R. Evid. 404 states: "Evidence of a person's character . . . is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion. . . ." In my opinion the foregoing words are plain and unambiguous and need no unusual interpretation. It is argued that the exception to the rule set out in Rule 404(a)(1) is applicable here. I do not think so. The exception states: "Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same; . . ." It takes no stretch of the imagination to see that this exception is intended to be used in criminal cases. Here we have a civil action sounding in tort.

In the present case appellant admitted he was the aggressor. This issue was not in dispute. Even if it were relevant proof would have been unnecessary because the fact was admitted. When the question about this trait of his character was asked his attorney made an objection. The court failed to allow him to state specific objections by stating: "Make your objections now and I will let you specify

more in detail later, . . ." All parties were no doubt aware of Rule 404 at the time of the objection. A lawyer who insists upon stating specific objections, after being told not to do so by the trial court, risks not only losing points with the jury, but exposes himself to possible contempt. I believe everyone understood the reason for appellant's objection. This court should not evade the real issues and refuse to consider it on its merits. So far as I am concerned this is putting form over substance.

Also, in my opinion the award of damages is shocking to the conscience. Three hundred dollars property damage does not support a $50,000 award for personal damages when there was no physical trauma. I would reverse and remand for another trial because it is obvious the verdict resulted from passion and prejudice.