## SANDERS *v.* BOONE.

### Opinion delivered June 19, 1922.

1. INJUNCTION—TRESPASS.—Equity will not restrain a mere trespass where there are no other elements of irreparable injury, unless the trespasser is insolvent.

2. QUIETING TITLE—TITLE OF PLAINTIFF.—In suits to quiet title the plaintiff must succeed upon the strength of his own title, and cannot rely on the weakness of his adversary's.

3. QUIETING TITLE—BURDEN OF PROOF.—Where defendant, in a suit to restrain trespass, claimed title in himself and asked affirmatively that his title be quieted, but did not show that his vendor was the owner of the land or had any interest therein, he failed to prove his title and was not in position to ask equitable relief, his remedy at law being adequate.

Appeal from Cross Chancery Court, *A. L. Hutchins* Chancellor; reversed in part.

*J. C. Brookfield,* for appellant.

The decree should be reversed upon the showing made by the cross-complaint. In suits to quiet title the plaintiff must prevail upon the strength of his own title. 95 Ark. 447; 90 *Id.* 154; 74 *Id.* 386; 87 *Id.* 211; 15 Cyc. 39, 40, and note 48.

The answer and cross-complaint were properly responded to by motion to strike. 15 Cyc. 112.

Adverse possession is not only defensive, but bestows title which may be enforced by suit. 38 Ark. 181; 92 *Id.* 30; *Medlock* v. *Jones*, 152 Ark. 57; 39 Ark. 158; 47 *Id.* 301; 46 *Id.* 25.

Equity has jurisdiction to restrain trespass. 22 Cyc. 825.

*Killough, Lines & Killough,* for appellee.

The unlawful detainer theory upon which appellee proceeded eliminates and renders abstract the law relied on by appellant in regard to suits in ejectment. The results attained by the decree are correct, and it should be affirmed.

McCULLOCH, C. J. Appellant was the plaintiff below in the action in the chancery court of Cross County to enjoin appellee from trespassing upon a certain tract of land, to which appellant asserts title and possession. Appellant alleged in his complaint that he was the owner of the tract of land in question by adverse occupancy for more than seven years; that he was in possession of the land at the time of the commencement of the action, and that appellee had repeatedly committed trespass by coming upon the premises and erecting a fence thereon, which appellant had torn down as often as erected.

Appellee answered, denying that appellant was either the owner or in possession of the land, and presented a cross-complaint, in which he asserted title to the tract of land and asked that the title be quieted.

The court dismissed appellant's complaint for want of equity and entered a decree in favor of appellee, quieting appellee's title to the land in controversy.

Appellant claims to have entered into possession of the land in controversy under an oral contract of purchase with the agent of a certain railroad company, which was the owner. The evidence is not sufficient to show either that the railroad company was the owner of the land or that the alleged agent had authority to sell it. Appel-

lant's testimony tends to show that he had been in possession for the statutory period of limitation, but there is a conflict in the testimony on this point, and we find it unnecessary to determine whether or not the title is complete by adverse possession for the statutory period of limitation.'

Appellant shows in his testimony that appellee has, on several occasions, entered upon the land in controversy and erected a fence, and that appellants tore down the fence. The sole basis of his right of action is the threatened repetition of the trespass.

It is the settled doctrine of this court that equity will not restrain a mere trespass where there are no other elements of irreparable injury, unless the trespasser is insolvent. *Meyers* v. *Hawkins,* 67 Ark. 413; *Hall* v. *Wellman Lbr. Co.,* 78 Ark. 408; *Boswell* v. *Jordan,* 112 Ark. 159.

The court was therefore correct in dismissing appellant's complaint for want of equity, and that part of the decree is affirmed.

On the other branch of the case it is sufficient merely to invoke the principle, often announced by this court, that "in suits to quiet title the plaintiff must succeed, if at all, as in actions of ejectment, upon the strength of his own title, and cannot rely upon the weakness of his adversary's title." *Bullock* v. *Duerson,* 95 Ark. 447.

Appellee was the moving party by asking affirmative relief in the quieting of his title, but he failed to prove his title. He testified that he purchased the land from a certain individual and received a deed, but he did not show that his vendor was the owner of the land or had any interest therein. Nor is there any evidence that appellee was in possession of the land at the time of the filing of the cross-complaint, and for this additional reason he is not in position to seek equitable relief, for his remedy at law is complete.

Whatever remedies either party to this suit may have are complete at law, and neither has shown any right to equitable relief.

The decree in appellee's favor for the quieting of the title is therefore reversed, with directions to dismiss his cross-complaint for want of equity.

HART and SMITH, JJ., dissent.

HART, J., (dissenting). I deem it proper to state briefly my reasons for dissenting in this case.

The plaintiff purchased the land from the Rock Island Railroad and held adverse possession of it for sixteen years, thereby establishing his title. The defendant put a wire fence through the plaintiff's field and claimed that part of the plaintiff's field within the inclosure of the fence. The plaintiff removed the fence. The defendant caused his arrest for so doing, but he was not convicted. The defendant put up the fence a second time. The plaintiff removed it, and was arrested again. He then filed this suit.

The act of the defendant in erecting the fence and having the plaintiff arrested for tearing it down interfered materially with the plaintiff's use of his land. In my opinion the continued occupation and threatened use of the plaintiff's land to the extent and for the purpose thus indicated by the acts of the defendant is such an injury to the property rights of the plaintiff as a court of equity may properly restrain and prevent.

If courts of equity do not interfere in cases of this sort, there would be a great failure of justice and an encouragement for neighborhood brawls and lawsuits. The jurisdiction of equity to restrain continued or repeated trespasses rests on the ground of avoiding a repetition of similar actions. Very often the injury is irreparable because it is continuous or repeated, when it would not be, if temporary; and in such cases injunction will issue as a matter of course. 5 Pomeroy's Equity Jurisprudence, sec. 496.

I think our own decisions are in accord with this rule. *Ellsworth* v. *Hale,* 33 Ark. 637, and *Western Tie & Timber Co.* v. *Newport Land Co.,* 75 Ark. 286.

I do not think that our timbering cases are in point. In the early days, our policy was to subdue the forests and to regard standing trees as an incumbrance and obstacle to the growth and development of agriculture as a pursuit. *Pardee* v. *Camden Lumber Co.,* 70 W. Va. 68, 43 L. R. A. (N. S.) 262. Hence, where parties entered the land for the purpose of cutting down the timber only, the courts held that the injury was not irreparable, and that courts of equity would not interfere. Timber having become scarce and of great value, the trend of modern authorities, as pointed out in the case last cited, is to restrict rather than to extend the doctrine of the earlier cases. Where the defendant manifests by his continued acts an intention to take possession of a substantial part of another's land and to prevent the owner from cultivating it, an entirely different case is presented. In such a case the defendant manifests a purpose to continue in his unlawful acts and the vexation, expense, and trouble of prosecuting actions at law make the legal remedy inadequate and justify a plaintiff in coming into equity for an injunction.

Judge SMITH concurs in this dissent.