HOLT *v*. MOODY.

5-2507                                                352 S. W. 2d 87

Opinion delivered December 4, 1961.

[Rehearing denied January 8, 1962.]

*James R. Hale* and *Nashem & Dobbs,* Yakima, Washington, for appellant.

*Jeff Duty,* for appellee.

CARLETON HARRIS, Chief Justice.    This is an appeal from an order of the Benton Probate Court, wherein the court sustained a demurrer filed by appellee, Amna V. Moody, to a petition filed by appellants, Howard P. Holt, and Damon Runyan Memorial Fund for Cancer Research, Inc., seeking to reopen administration of the estate of Robert Edward Keith.  Appellants were given ten days to plead further, but elected to stand on the original pleading.  The facts, as shown by the pleadings, stipulation, and responses to Requests for Admission of Facts, are as follows:

Robert Edward Keith died in Benton County on August 31, 1955.  On September 8th of the same year, Amna V. Moody, a niece of the deceased, filed a petition for appointment as administratrix in the Probate Court of Benton County, alleging that Robert Edward Keith

died intestate on the heretofore mentioned date. The petition for appointment does not list any real estate belonging to the estate, and under "personal property," a figure inserted has been scratched out and the words written in longhand, "joint acct."; underneath, "legal cause of action of presently undetermined value." On the same date, an order was entered by the Probate Court naming Mrs. Moody administratrix. The order does not reflect the requirement of a bond, nor does any bond or inventory appear in the record. Subsequently, it developed that Mr. Keith, while a resident of Yakima, Washington, had executed a will, in which he devised all of his property to his wife, and further provided:

"But if my said wife shall not survive me, I give and bequeath to Howard P. Holt, of Yakima, the sum of Two Hundred Dollars ($200.00), in appreciation of his services as my said wife's physician for several years last past; and I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal, or mixed, of whatever nature and wheresoever situate, which I may own or have the right to dispose of at the time of my death to Damon Runyan Memorial Fund for Cancer Research, Inc., with offices at 1507 Broadway, New York 18, New York."

Mr. Keith's wife did not survive him, and appellants are thereby claiming to be the sole beneficiaries of the estate.

On September 13, 1955, counsel for appellee directed a letter to Donald C. Keith, who had been named executor of Robert Keith's will, requesting that the will be forwarded, asking that the deceased's bank account in Yakima be changed to the administration account, and suggesting that the bank mail Mrs. Moody a signature card in order that she might transfer the account to the administration. In response to this letter, Donald Keith advised that the sum of $2,320 had been placed in the hands of one Ralph W. Scott by the deceased for safekeeping, rather than placing it in the bank. On October

14th, appellee's counsel directed a letter to Mr. Keith as follows:

"The Court has directed that the Administratrix collect all of the assets of the above estate and make an Inventory to file here in the Probate Court. I am enclosing authenticated copy of Letters of Administration which I would appreciate if you would hand to Mr. Scott. This, of course, is an official request by the Administratrix that he remit the cash in his hands to Amna V. Moody, Administratrix, as set out in the Letters of Administration."

Subsequently, in compliance with this request, a draft for $2,320 was sent to Mrs. Moody via counsel. On June 20, 1957. Mrs. Moody filed a petition for probate of the will, and set out in the petition that Donald C. Keith, named executor in the instrument, had asked that a formal waiver of appointment be sent to him, since he resided in Yakima, and felt unable to administer the estate. Here, the record becomes quite confusing. No waiver by Keith is shown, nor is there any order admitting the will to probate at that time. According to a stipulation entered into on February 16, 1960:

"Proof of execution of said will was made, signed, executed and sworn to by Lloyd A. Porter, Della Styhl and A. V. Styhl, the attesting witnesses to said will, all in the form and manner provided by Arkansas law, and said will and the proofs of execution thereof were filed for probate in the office of the County and Probate Clerk of Benton County, Arkansas, on January 17, 1957, and said will was admitted to probate as the Last Will and Testament of the said Robert E. Keith, deceased, by an order of the Probate Court of Benton County, Arkansas, made and entered on the 20th day of June, 1957, but said will and the proofs of execution thereof have become lost or destroyed and have never been recorded as the Last Will and Testament of the said Robert E. Keith, as provided by law and said order, and said will should be restored and recorded in the will records of Benton

County, Arkansas, as and for the Last Will and Testament of said deceased.

3. Under the terms and provisions of said will Donald C. Keith of Yakima, Washington, was appointed executor of said will, to serve without bond, and the said Donald C. Keith is above the age of 21 years and in all other respects qualified to serve as executor of said will and he should be appointed as such without being required to file any bond."

This appointment of Keith apparently only became effective in February, 1960, since the docket sheet does not reflect that he was originally appointed; rather, the docket shows that on June 20, 1957, the will was "probated" and an administratrix with the will annexed was appointed. While no name is given, the reference undoubtedly was to appellee. Further notation reads: "letters to issue upon filing and approval of bond." According to the record, no bond was filed, nor letters of administration issued to Mrs. Moody as administratrix with the will annexed.

On November 13, 1958, Mrs. Moody filed her accounting as administratrix of the estate from September 8, 1955, until November 8, 1958, pertinent portions of such appearing as follows:

"$500.00 received from judgment against Farmers Produce Company on account of death of Robert Edward Keith.

(note)

Robert Edward Keith during his lifetime contracted with this accountant to live with her and that she, his niece, would look after him and take care of him. In return, Robert Edward Keith made, as consideration for this transaction, a gift or transfer of his property to this accountant. Said property consisting wholly of money in the sum of $3,920.00. This agreement occurred prior to the death of Robert Edward Keith, and, at the time of his death, he was residing with this accountant. This accountant has therefore held, as her own, the money

contracted for as consideration for her contract with the deceased, her uncle, and has not charged herself with it.

This accountant has paid all the known debts of the deceased filed as claims with her from the money contracted with her by the deceased, and has divided the above $500.00 with the other heirs of deceased. At the time of the death of Robert Edward Keith there was $2,320.00 in Yakima, Washington, of the property involved in the contract between the parties. Said money having been transferred to Amna Moody and paid to her which she has held as her own under the agreement between her and her uncle. Said money, therefore not being charged in this accounting. The deceased left a will, executed some years ago, which was filed, but is not probated, to completion, letters *not* issued, bond not executed.

Total charges to accountant.....$500.00

Accountant is entitled to credit for money paid and assets delivered to distributees, as follows:

. . . $500.00 paid to Ruby Pennington, Verna Quinlan and Clice Daily. $166.66 paid to each of the above.

Total ...........................................$500.00''

The court continued the settlement for publication and hearing, and on February 19, 1959, found that the settlement should be approved and the administratrix discharged. Thereafter, on July 27th, appellants filed their ''Petition to Reopen Administration and for Probate of Will,'' and alleged, *inter alia*:

''On or about November 13, 1958, the said Amna V. Moody, purporting to act as the personal representative of this estate, filed herein a purported accounting, which accounting shows on its face that the said Robert Edward Keith died testate, but the said Amna V. Moody wrongfully, unlawfully, and fraudulently stated in said accounting that said will had not been admitted to probate. No notice as to the filing of said purported accounting

or as to the time or place of any hearing thereon was ever given to the petitioners, and, in fact, no notices whatever have ever been given to or served upon the petitioners herein.

5. No bond was ever filed herein by the said Amna V. Moody, as administratrix of this estate, and, by reason thereof, the order purportedly appointing her as administratrix of this estate was void and of no force or effect and all other orders purportedly entered herein were and are void and of no force or effect.

6. No inventory was ever filed by the said Amna V. Moody, and no notice to creditors or notice as to the probate of said will was ever published.

7. The said Amna V. Moody wrongfully, unlawfully, and fraudulently led the petitioners herien to believe that said will had been duly recorded and that the terms and provisions thereof would be carried out and performed, and that on due time the petitioners herein would receive their respective bequests under said will."

Before discussing the issue raised by the pleadings, we deem it well to pass on appellee's contention that the case should be affirmed because of appellants' failure to properly abstract the record. It is true that the abstract is not in proper form, and is somewhat difficult to follow. However, the abstract does contain all pertinent information, and is sufficient to acquaint the members of this Court with the issue involved. Of course, if appellee considered the appellants' abstract to be defective, she could have, at her option, submitted a supplemental abstract with her own brief. See Rule 9, subsection (e), Procedural Rules of the Supreme Court.

We are of the opinion that the court erred in sustaining the demurrer, i. e., we feel the allegations of the petition to reopen the administration are sufficient to require the taking of proof. Several questions are raised. It is noted that the settlement was filed under authority granted Mrs. Moody by the original letters of adminis-

tration. Appellants question the legality of her appointment. If the will was admitted to probate in June, 1957, it would seem that the appointment of Mrs. Moody thereunder would be in lieu of the original appointment. The record reflects that the will was admitted to probate, but that Mrs. Moody did not qualify for letters testamentary. There is nothing in the transcript to show why she did not qualify. It is possible this failure occurred because Mr. Donald Keith did not send the waiver, and Mrs. Moody was unwilling for someone else to administer the estate. Of course, the will being admitted, and no attack having been made upon this instrument, its provisions were due *prima facie* to be observed. We do not know the meaning of the statement, "the deceased left a will, executed some years ago, which was filed *but is not probated, to completion.*"[1]

Appellants allege that they received no notice of the filing of the accounting or any hearing thereon, and under the provisions of the Probate Code, they were clearly entitled to same. Actually, Mrs. Moody, under the circumstance of claiming all of the proceeds under a contract, should not have served as administratrix. A personal representative should not serve if his personal interests conflict with his official duties. C. J. S., Vol. 33, § 90(e), p. 1036. An administrator or administratrix acts in a fiduciary capacity. § 62-2030, Ark. Stats. (1959 Supp.). Under chapter 28 of the Probate Code, entitled "Accounting," § 62-2801 (Supp.), provides *inter alia,* that self dealing is a breach of duty, and a personal representative shall be liable and chargeable in his accounts from any loss resulting therefrom. Black's Law Dictionary, 4th Edition, p. 1525, states that self dealing "basically relates to transactions wherein a trustee, acting for himself and also as 'trustee,' a relation which demands strict fidelity to others, seeks to consummate a deal wherein self interest is opposed to duty." Certainly, here the personal interests of the administratrix conflicted with the interests of those claiming under the will. Of course, Donald Keith has now been named execu-

---

[1] Emphasis supplied.

tor, but this appointment comes at a time when, if the settlement is permitted to stand, there are no assets to administer. During the period in controversy, the duties of the personal representative were handled exclusively by appellee.

The court sustained the demurrer because it held itself to be without jurisdiction to determine the issue of ownership, *i. e.,* as argued by appellee, the Probate Court has no jurisdiction to determine title to contested property. This is not a contest of title to property—this is purely a matter of determining whether the estate should be reopened and the settlement set aside. Under the pleadings, stipulation, and response to Requests for Admissions, at least $2,320 of the $3,920 was money belonging to the estate. This amount, as reflected by the letters heretofore quoted, was turned over to Mrs. Moody *as administratrix of the estate of Robert E. Keith.* It remained assets of the estate until proper claims were filed and allowed by the administratrix, and approved by the court. The transcript does not reflect that any claims were filed against the estate; more specifically, it does not reflect that Mrs. Moody ever filed a claim. Section 62-2607 (Supp.) provides:

"A personal representative may establish a claim he may have against the estate by filing the same with the court, and the court, upon a hearing after such notice as it shall direct, if satisfied as to the validity of the claim, shall enter an order allowing it."

Actually, the record does not reflect whether Mrs. Moody is claiming under a written or oral contract, when the contract was made, where it was made, or what is meant by "a gift or transfer of his property to this accountant." Of course, in seeking to reopen the estate, appellants have pursued the only remedy which is afforded them, for Section 62-2902(d) provides:

"The order of final distribution shall be a conclusive determination of the persons who are the successors in interest to that part of the estate of the decedent passing

through the hands of the personal representative and of the extent and character of their interests therein, subject only to the right of appeal and the right to reopen the order.''

Any suit in Chancery by appellants would therefore be met with the argument that the matter had already been determined by the Probate Court. Under the provisions of Section 62-2912, an order of discharge entered under Section 62-2902(b), shall be final ''except, upon a petition being filed within three years of the entry thereof, it may be set aside for fraud in the settlement of the account of the personal representative.''

We think clearly the court should have heard evidence, for if the allegations are correct, it would not appear that the settlement should stand. The Probate Court would indeed be impotent, if a personal representative could, merely by asserting that she was the sole owner of property turned over to an estate, take from the court jurisdiction to determine what property belongs to such estate.

For the reasons herein set out, the order of the Probate Court sustaining the demurrer is reversed, and the cause remanded with directions to overrule the demurrer and proceed in a manner not inconsistent with this opinion.