ANDERSON v. STALLINGS.

5-2610                                    354 S. W. 2d 21

Opinion delivered February 19, 1962.

*Lee Ward* and *Frank Lady,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

SAM ROBINSON, Associate Justice. The complaint in this case alleges that the appellee, George H. Stallings, while driving an automobile in Marked Tree, Arkansas, negligently ran over and killed Arthur L. Anderson, a child four years of age. There was a trial to a jury and a verdict for the defendant, who is now the appellee.

For reversal, appellant argues six points, but has failed to abstract the record. The first point is that the trial court erred in failing to instruct the jury that the defendant admitted negligence which was the proximate cause of the death of the little boy.

We can reach no decision as to the sufficiency of the evidence without an abstract of the testimony as provided by Rule 9 of this Court. The rule, so far as it is applicable here, provides:

"The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this Court for decision."

There are 130 pages in the record in this case. Some of the evidence is mentioned in appellant's argument, but it cannot be readily determined that which is in the record as evidence and that which is argument. Neither is the abstract of the record sufficient for the Court to make a determination of the other assignments of error. We have repeatedly pointed out that it is not practical for the seven members of this Court to examine the one record filed here, and that under Rule 9 the burden is on the appellant to furnish such an abstract as will give the various members of the Court an understanding of all questions presented. *Farmers Union Mutual Insurance Co.* v. *Watt, et ux,* 229 Ark. 622, 317 S. W. 2d 285. *Porter* v. *Time Store, Inc.,* 227 Ark. 286, 298 S. W. 2d 51.

In the case at bar the appellee has not supplemented the abstract, but has stood on the abstract furnished by appellant and relies on the fact that appellant has not complied with Rule 9 and argues therefore the Court cannot make a decision on the merits of the controversy. We have often said that we will not explore the record; appellee relies on that rule; hence, he did not answer the various points argued by appellant.

Affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice, concurring.

I have considered each of appellant's points, and have reached the conclusion that the Circuit Court

judgment should be affirmed on the merits. So the claimed failure to abstract did not influence my conclusion.