REEVES *v.* MILES.

5-2906                                                        365 S. W. 2d 460

Opinion delivered March 11, 1963.

*Joe Holmes,* for appellant.

*John Harris Jones,* for appellee.

PAUL WARD, Associate Justice. On June 4, 1957 appellant, Irene Reeves, executed a regular warranty deed conveying to appellees, Johnnie Miles and Susie Miles (husband and wife), a parcel of land (2.6 acres) described by metes and bounds. The deed recited a consideration of $270 paid by appellees and received by appellant.

After appelles had erected a house on the above described parcel of land, appellant filed a complaint in chancery court against appellees asking to have the said deed cancelled on the ground of fraud, in that appellees promised and failed to ''look after and support'' her during the remainder of her natural life. During the hearing on the above complaint the court permitted appellant to treat the same as amended to ask for a reformation of the deed. Under this amendment appellant attempted to show she intended to convey to appellees only one acre of land whereas she actually conveyed 2. 6 acres. At the close of appellant's testimony the trial court sustained appellees' written demurrer to the evidence. Appellant now prosecutes this appeal, asking for a reversal on three separate designated points.

We find it unnecessary to examine any of the points relied on since we have concluded the decree of the trial court must be affirmed because of appellant's failure to comply with Rule 9 (d) of this Court. This rule, in substance, requires appellant to abstract such material parts''... of the pleadings, proceeding, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this Court for decisions.''

Although the record contains more than fifty pages of pleadings, exhibits, and testimony, appellant has presented us with no abstract of the same. The casual

references in the argument to this testimony are not sufficient for us to formulate an informed opinion on the merits of the case. In such a situation this Court has heretofore uniformly affirmed the trial court's decree or judgment. See: *Ellington* v. *Remmel,* 226 Ark. 569, 293 S. W. 2d 452; *Porter* v. *Time Stores, Inc.,* 227 Ark. 286, 298 S. W. 2d 51; *Farmers Mutual Ins. Company* v. *Watt, Et Ux,* 229 Ark. 622, 317 S. W. 2d 285; and, *Anderson* v. *Stallings,* 234 Ark. 680, 354 S. W. 2d 21.

The fact that the appellant, in her reply brief, has abstracted the record does not, in our opinion, justify us in waiving the total failure to comply with Rule 9 (d) in the first instance. To do so would be manifestly unfair to the appellees. They were not required to supply the deficiency and were at liberty, if they thought the abstract to be insufficient, to proceed upon the assumption that the decree would be affirmed. To allow the appellant to supply the abstract in the reply brief would have the effect of trapping the appellees. We stress the fact that here the appellant's omission was total; we do not intimate that an appellant would be penalized for a mere deficiency such as may result from inadvertence or from a failure to anticipate the appellee's arguments.

Affirmed.

HARRIS, C. J., and McFADDIN, J., concur.

ED. F. McFADDIN, Associate Justice (concurring). I concur in affirming the decree of the Chancery Court on the merits of the case.

The original abstract filed by appellant was fatally defective when measured by Rule 9 of this Court; but prior to submission appellant filed, in a reply brief, a sufficient abstract of the record. Such filing prior to submission was said to be proper in *St. L. RR.* v. *Newman,* 105 Ark. 63, 150 S. W. 560; and also in *Thompson* v. *Dierks Lumber Co.,* 208 Ark. 407, 186 S. W. 2d 425.

So I considered the cause on the merits, and reached the conclusion that the Chancery decree was correct. The Chief Justice joins in this Concurrence.