ALLEN *v.* OVERTURF.

5-2944                                          366 S. W. 2d 189

Opinion delivered April 1, 1963.

388

*M. D. Anglin,* for appellant.

*J. E. Simpson,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit for damages allegedly sustained by appellants, Frank C. Allen and Laura E. Allen, as a result of alleged false representations of appellee, Elmer Overturf, a real estate broker. In 1958 appellee showed appellants some farm property near Green Forest which appellants contracted to purchase the same day, and thereafter took possession. In 1960 appellants filed this suit against appellee, alleging that appellee had knowingly falsely represented to appellants that there was plenty of water on the farm, that as a result of relying on these representations and buying the farm, appellants had to have a well drilled, stock pond built, and otherwise suffered damage to the total extent of $6,687.50. Appellee answered, denying the allegations and pleaded affirmatively that appellee had been relieved of any responsibility by the following provision in the escrow (purchase) agreement:

"Purchasers herein agree and state that they have personally viewed and inspected the above described property and hereby release and relieve Elmer and Fay Overturf of and from any responsibility regarding said sale and property, except as herein stated."

and cross-complained for $5,000.00 damages for slander in filing the action.

On July 20, 1961, after submission of appellants' evidence to the court and jury, the trial court directed a verdict for appellee on the ground that appellants had relieved appellee of any liability in the escrow agreement. Appellants appealed, and this court reversed the trial court, stating in its mandate that "The court erred in

directing a verdict as testimony introduced was sufficient to raise a jury question as to whether there was fraud on the part of the appellee.'' See *Allen* v. *Overturf,* 234 Ark. 612, 353 S. W. 2d 343.

On retrial, the jury found for appellee on the complaint and appellants on the cross-complaint, and judgment was entered accordingly, from which this appeal was taken. For reversal, appellants rely on six points, none of which are discussed, for the reason hereinafter stated.

The procedural rules of the Supreme Court are designed to foster efficient and intelligent review of the cases presented on appeal. For the expedition desired by all litigants and attorneys, this court has provided that appellant should abridge the pleadings, proceedings, facts, documents, and other matters contained in the record and necessary to an understanding of the questions presented to this court. This abstract we deem far more desirable from the standpoint of the court's time as well as appellant's purse, than requiring multiple copies of the record. Obviously it is impractical and inefficient to expect each of the seven justices to have to minutely examine the usually-voluminous record in each of the seven or more cases assigned each week. Hence the provision in Rule 9 that:

''The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record *as are necessary to an understanding of all questions presented to this court for decision.''* [Emphasis ours]

Appellants have attempted to abstract a 129-page record into five pages of their brief. While we can visualize instances where such succinctness would be an adequate or ample abstract of the pertinent record, in the case at bar the condensation of the record contained in the abstract and brief is insufficient for the members of this court to reach that understanding of the questions presented necessary for a decision.

We remind the Bar:

"We are not required to explore the one record (transcript) that is presented to us, this duty rests on appellant, and it is further his duty, as indicated, to furnish this court such an abridgement of the record that will enable us to understand the matters presented. This he has not done.' *Ellington* v. *Remmel,* 226 Ark. 569, 293 S. W. 2d 452; *Porter* v. *Times Stores, Inc.,* 227 Ark. 286, 298 S. W. 2d 51.

For such failure, we have no choice but to affirm the judgment of the trial court. *Commissioner of Labor* v. *Danco Construction Co.,* 226 Ark. 797, 294 S. W. 2d 336; *Griffin* v. *Mo. Pac. Rd. Co.,* 227 Ark. 312, 298 S. W. 2d 55; *Farmers Union Mut. Ins. Co.* v. *Watt,* 229 Ark. 622, 317 S. W. 2d 285; *Royster* v. *Royster,* 233 Ark. 20, 342 S. W. 2d 302, *Anderson* v. *Stallings,* 234 Ark. 680, 354 S. W. 2d 21.

Affirmed.