Alton VIRE, Appellant,

v.

Alice VIRE, Appellee.

No. 5–3011.

Supreme Court of Arkansas.

June 3, 1963.

———◆———

Robert E. Irwin, Russellville, for appellant.

D. B. Bartlett, Clarksville, for appellee.

HARRIS, Chief Justice.

Appellant and appellee were married in Johnson County on June 9, 1962. The in-stant suit for divorce was instituted by appellee on August 30, 1962, a few days after the parties had separated, in which she alleged general indignities. Appellant an-swered with a general denial, specifically pleaded condonation, and filed a "counter-claim" for divorce, likewise alleging general indignities pursued until his condition in life had become intolerable.[1] Following the filing of amendments to the pleadings, the cause proceeded to trial. At the conclusion of the evidence, the court entered its decree, granting appellee an absolute divorce, and from such decree, appellant brings this appeal.

We are unable to consider this appeal on its merits since appellant has failed to comply with Rule 9(d) of the rules of this court. We have stated numerous times that we are not required to explore a record that is presented to us, but that the duty rests on appellant to furnish this court such an abridgment of the record as will enable us to understand the matters presented. See Allen v. Overturf, 236 Ark. 387, 366 S.W. 2d 189, and cases cited therein. The pleadings and decree in this case are abstracted, but there is no abstract whatsoever of the testimony and exhibits which cover approximately 65 pages. A few references are made, in the brief itself, to isolated portions of the testimony, but not to a sufficient extent that we can comprehend the full nature of the evidence. As stated in Reeves v. Miles, 236 Ark. 261, 365 S.W.2d 460:

"Although the record contains more than fifty pages of pleadings, exhibits, and testimony, appellant has presented us with no abstract of the same. The casual references in the argument to this testimony are not sufficient for us to formulate an informed opinion on the merits of the case. In such a situation this Court has heretofore uniformly affirmed the trial court's decree or judgment. See: Ellington v. Remmel, 226

---

1. According to appellant's statement of the case, this "counterclaim" was dismissed prior to the trial. It is not involved in this appeal.

Ark. 569, 293 S.W.2d 452; Porter v. Time Stores, Inc., 227 Ark. 286, 298 S.W.2d 51; Farmers Mutual Ins. Company v. Watt, Et Ux., 229 Ark. 622, 317 S.W.2d 285; and, Anderson v. Stallings, 234 Ark. 680, 354 S.W.2d 21."

Affirmed.