DICKSON *v.* HARPOLE.

5-3387                                           384 S. W. 2d 472

Opinion delivered December 7, 1964.

*Trantham & Knauts,* for appellant.

*Bryan J. McCallen & Dennis L. Berry,* for appellee.

SAM ROBINSON, Associate Justice. Title to a 40 acre tract of land is involved in this litigation. There are 93 pages of testimony and exhibits in the record. The decree shows that the court took such evidence into consideration in reaching the decision. The decree states:

"This case, having been submitted to the Court heretofore by agreement of counsel, is now considered and tried upon its merits upon plaintiff's complaint, plaintiff's amended complaint, plaintiff's addendum to amended complaint, plaintiff's second amended complaint, the separate answer of defendant, L. H. Woolard, guardian and administrator of the estate of Minerva Parlie Harpole, deceased, the plea of L. H. Woolard as administrator, the answer and cross-complaint of defendants, William P. Harpole and Odis Harpole, the response of plaintiff to the cross-complaint of defendants, William P. Harpole and Odis Harpole, the return of the sheriff of Clay County, Arkansas, reflecting personal service of summons upon defendant, Ernest Pringle, the deposition of plaintiff and the deposition of Herbert H. Johnson on behalf of plaintiff, the deposition of O. B. Byes, Almous Niswonger, Ernest Pringle with Exhibit "A" thereto, William P. Harpole with Exhibit "A" thereto, and Odis Harpole on behalf of defendants, William P. Harpole and Odis Harpole, and three copies

of right-of-way grants to Mississippi River Fuel Company, a certificate of the Clay County Court Clerk as to tax payment, copy of funeral record of Martin Luther Harpole, and copy of marriage license of Martin L. Harpole and Pearlie Gibbs all introduced on behalf of defendants, William P. Harpole and Odis Harpole, . . .''

Many times we have pointed out that it is wholly impractical for the seven members of this court to examine one record in order to determine the facts. The appeal must be affirmed because of the failure of appellant to abstract the evidence. *Vire* v. *Vire,* 236 Ark. 740, 368 S.W. 2d 265; *Reeves* v. *Miles,* 236 Ark. 261, 365 S.W. 2d 460; *Allen* v. *Overturf,* 236 Ark. 387, 366 S.W. 2d 189; *Farmers Union Mutual Insurance Co.* v. *Watt, et ux,* 229 Ark. 622, 317 S.W. 2d 285; *Anderson* v. *Stallings,* 234 Ark. 680, 354 S.W. 2d 21; *Weir* v. *Hill,* 237 Ark. 922, 377 S.W. 2d 178.

Affirmed.