KELLEY *v.* SOUTHERN PULPWOOD CO.

5-3689                                           396 S. W. 2d 305

Opinion delivered December 6, 1965.

*R. D. Rouse,* for appellant.

*Robert Law* and *Smith, Williams, Friday & Bowen,* By: *W. A. Eldredge, Jr.,* for appellee.

FRANK HOLT, Associate Justice. The appellants seek partial dependency benefits in excess of those allowed by the Workmen's Compensation Commission.

In affirming the referee the commission found that the employee was earning $30.00 per week when fatally injured and that appellants, his parents and minor brothers and sister, were 23 1/13th percent dependent upon their decedent. The commission awarded $1.73 per week to each of decedent's parents; $1.04 per week to each of his minor brothers and sister until such time as each becomes 18 years of age; making a total allowance

of $7.62 per week. On appeal to the circuit court appellants contended that they were 37½ percent dependent upon their decedent according to the undisputed findings of the commission and, therefore, they were entitled to $11.25 collectively and in no event could the compensation payments to them ever be less than $7.00 per week. The circuit court affirmed the commission and on appeal appellants argue for reversal that "the findings, conclusions and award of the commission are contrary to the law" and that the appellants are entitled to the larger award as contended before the circuit court.

Dependency, full or partial, is a question of fact to be determined by the commission as of the time of the injury. *Sherwin-Williams Co.* v. *Yeager*, 219 Ark. 20, 239 S. W. 2d 1019. The findings of the commission, having the verity and effect of a jury verdict, will not be disturbed on appeal if there is any substantial evidence to support the findings. *Pufahl* v. *Tamak Gas Products Co.*, 238 Ark. 895, 385 S. W. 2d 640.

To understand why the commission found a partial dependency of 23 1/13 perecnt instead of 37½ percent would require each member of the court to review the record of this case consisting of some 129 pages. Appellants' abstract comprises only 2 pages with no abstract of the evidence. We are of the view that this is not sufficient for us to reach the merits of the case on the computation of the award by the commission. Therefore, we must affirm under our Rule 9 (d). *Allen* v. *Overturf*, 236 Ark. 387, 366 S. W. 2d 189; *Vire* v. *Vire*, 236 Ark. 740, 368 S. W. 2d 265; *Weir* v. *Hill*, 237 Ark. 922, 377 S. W. 2d 178; *Dickson* v. *Harpole*, 238 Ark. 775, 384 S. W. 2d 472; *Hurley* v. *Owens*, 238 Ark. 874, 385 S. W. 2d 636.

Affirmed.