WALDEN *v.* MENDLESON

5-3891                       403 S. W. 2nd 745

Opinion delivered June 6, 1966

. *George J. Cambiano* and *Parker Parker,* for appelant.

*White & Young, William H. Schulze, Smith, Williams, Friday & Bowen,* for appellee.

CARLETON HARRIS, Chief Justice. Bennie Walden, appellant herein, was involved in an automobile accident in the city of Danville, Arkansas, on October 10, 1961. Thereafter, he employed the appellee physicians to examine, and treat him, for injuries allegedly sustained in the accident. Subsequently, Walden instituted suit against these physicians, alleging that they had advised him that they could find no evidence of physical injuries, and that he did not have any residual or permanent disability; that in reliance upon these representations, he settled his claim against the driver of the other automobile for the sum of $1,500.00. Walden then asserted that he later learned that he had received severe and permanent injuries to his spinal cord and nervous system in the wreck, and he sought to recover $260,000.00 from appellees. Appellees filed a motion for summary judgment, supported by two affidavits, and the court granted the motion, dismissing Walden's complaint (as amended) with prejudice. From this judgment, appellant brings this appeal.

We are unable to consider this appeal on its merits, for the reason that Rule 9(d) has not been complied with. As we said in *Pyramid Life Insurance Company* v. *Hamilton,* 237 Ark. 797, 376 S. W. 2d 555:

" * * * On numerous occasions, this court has stated that we are not required to explore the transcript, but rather, that the duty rests upon an appellant to furnish this court such an abridgment of the record as will enable us to understand the matters presented. See *Vire* v. *Vire,* 236 Ark. 740, 368 S. W. 2d 265, and cases cited therein."

Here, there is no abstract whatsoever, appellant's brief containing only a statement of the case, points for reversal, and argument. In situations of this kind, we have consistently affirmed the trial court's decree or judgment.

It might be added, however, that the same result

would be reached if the case were considered on its merits.

Affirmed.