Love *v*. State Farm Mutual Auto. Ins. Co.

5-3968                                          407 S. W. 2d 118

Opinion delivered October 10, 1966

[Rehearing denied November 14, 1966.]

*Ben D. Lindsey,* for appellant.

*Mahony & Yocum* and *Cockrill, Laser, McGehee & Sharp,* for appellee.

Paul Ward, Justice. This litigation concerns the meaning of certain provisions in an automobile liability insurance policy.

On July 20, 1963 Dan Love (appellant) was injured when his car collided with a 1955 Buick, owned and driven by Kenneth Sweet. Appellant sued Sweet and, on May 20, 1964 recovered a judgment for $8,500—no appeal taken.

On June 16, 1964 appellant, being unable to collect from Sweet, filed this suit against the State Farm Mutual Automobile Insurance Company (appellee herein) contending he was subrogated to the right of Sweet under an insurance policy which had been issued to him by appellee covering the 1955 Buick.

The matter was submitted to the jury, resulting in

a verdict in favor of appellee. Appellant now prosecutes this appeal for a reversal.

First, we are confronted with a motion by appellee to affirm on the ground appellant has not complied with this court's Rule 9 (d). We have concluded the motion must be affirmed.

The above Rule requires appellant to abstract such "material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this Court for decision." Many times we have called attention to the fact that it is impracticable (if not impossible) for all the justices to read the entire record. We find, in this case, the abstract in appellant's brief does not provide such an understanding. There is no abstract of the complaint which consists of eight pages; of the answer which consists of seven pages; of the exhibits presented to the trial court consisting of eight pages, and there is no abstract of several orders of the court.

The conclusion which we have reached to affirm the judgment of the trial court is in conformity with the following decisions of this Court: *Ellington* v. *Remmel,* 226 Ark. 569, 293 S. W. 2d 452; *Griffin* v. *Mo. Pac. Rd. Co.,* 227 Ark. 312, 298 S. W. 2d 55; *Anderson* v. *Stallings,* 234 Ark. 680, 354 S. W. 2d 21; *Vire* v. *Vire,* 236 Ark. 740, 368 S. W. 2d 265; *Weir* v. *Hill,* 237 Ark. 922, 377 S. W. 2d 178, and; *Hurley* v. *Owens,* 238 Ark. 874, 385 S. W. 2d 636.

Affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Justice, concurring. The purpose of this concurrence is to state that I would affirm the judgment on the merits.

From the abstract and briefs I was able to understand that the case was submitted to the jury to answer two interrogatories. These were answered adversely to the appellant, and there was evidence to support the jury's answers.

I found no errors in the instructions; so I would affirm on the merits.