ALICE M. TUCKER AND CARLOS L. TUCKER v. JOHN T. HASKINS

5-4296                                            422 S. W. 2d 696

Opinion delivered January 8, 1968
[Rehearing denied February 5, 1968]

*Eugene C. Fitzhugh,* for appellants.

*H. B. Stubblefield,* for appellee.

J. FRED JONES, Justice. In February 1965, John T. Haskins, a practicing attorney, together with his secretary, Barbara Campbell, and one Bill Stamper, formed a corporation named "Arkansas Products & Equipment, Inc." The authorized capital stock of the corporation was one million shares, having a par value of ten cents

(10c) each. Haskins subscribed to ten thousand shares, Stamper subscribed to ten thousand shares, and Campbell subscribed to one share.

Haskins testified that Campbell and Stamper waived their subscriptions when the articles were issued; this is admitted by Campbell but denied by Stamper. In any event, the only stock issued consisted of ten thousand shares issued to Haskins for which, according to his testimony, he paid $1,000.00 in cash and $1,000.00 in service. Haskins went into the wholesale rug and carpet business as a one-man corporation with himself as attorney and sole owner and with Stamper as general manager.

In April 1966, Haskins entered into a contract with Carlos L. Tucker and his mother, Alice M. Tucker, to sell all of the outstanding stock in the corporation to the Tuckers for $4,765.83 to be paid in equal monthly payments of $150.00 each. Haskins agreed to continue on as corporate attorney on a contingent fee basis of $100.00 per month. A substitute stock certificate for the ten thousand shares was issued to the Tuckers, they took over the assets and assumed the liabilities of the corporation. Among the liabilities assumed were several thousands of dollars in debts personally guaranteed by Haskins. The Tuckers personally assumed this indebtedness by separate guaranty agreements. Apparently when the creditors of the corporation started demanding payment of the accounts guaranteed by the Tuckers, Mr. and Mrs. Tucker refused to pay Haskins or the creditors and attempted to repudiate the entire transaction. Haskins filed suit in chancery for specific performance and the creditors of the corporation intervened as party plaintiffs on their guaranty agreements. Trial resulted in a decree in favor of Haskins and the intervenors against the Tuckers, and the Tuckers have appealed from that decree.

The entire record consisting of 321 pages is designated by appellants on appeal, but only the oral testi-

mony at the trial is abstracted in their brief. The record includes 40 pages of supplement in the form of deposition, some eight pages of amended complaint, four pages of answer and counterclaim, two pages of amendment to counterclaim, numerous exhibits including the contracts between the parties and letters of repudiation, a number of interventions and five pages of the decree appealed from, none of which were abstracted by the appellants.

We appreciate the expense involved in preparing records for appeal to this court and we do not like to dismiss appeals without reaching the merits. We are forced to take such action, however, when the appellant fails to abstract such portions of the record that will enable us to understand the questions presented for decision. There are seven individual members of this court who must form separate individual opinions on the merits of each case before us on appeal. This can only be accomplished by separate and independent inquiry into the facts submitted and by separate inquiry into the law applicable to the facts in each case. The litigants, as well as the trial court and practicing attorneys, are entitled to the separate and independent consideration by each member of this court of the questions presented on appeal, but the volume of work on this court does not permit each of the seven members the time that would be required to gleen the facts and issues in a case on appeal from a single, and usually disorganized, transcript of the record from a trial court. That is the reason for multiple copies of briefs on appeal and that is the reason for appellate procedure Rule 9 (d).

The first sentence in Rule 9 (d) is as follows:

"The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, facts, documents, and other matters in the record as are necessary to an under-

standing of all questions presented to this court for decision."

Appellants have abstracted none of the record except a part of the testimony. Without examination of the original transcript it is impossible for us to determine, with any degree of confidence, exactly what is involved in this case, and as we have said many times before, we are unable to consider this appeal on its merits since appellants have failed to comply with Rule 9 (d). (*Vire* v. *Vire,* 236 Ark. 740, 368 S. W. 2d 265; *Love* v. *State Farm Mutual Auto. Ins. Co.,* 241 Ark. 161, 407 S. W. 2d 118; *Allen* v. *Overturf,* 236 Ark. 387, 366 S. W. 2d 189; *Routen* v. *Van Duyse,* 240 Ark. 825, 402 S. W. 2d 411; *Walden* v. *Mendleson,* 240 Ark. 1019, 403 S. W. 2d 745; *Holt* v. *Moody,* 234 Ark. 245, 352 S. W. 2d 87; *Anderson* v. *Stallings,* 234 Ark. 680, 354 S. W. 2d 21.)

The decree of the chancellor is affirmed.