Insured Lloyds v. Mary Beth Ahrend

4661                                   431 S.W. 2d 740

Opinion delivered September 23, 1968

*R. H. Mills* for appellant.

*Williams & Williams* for appellee.

J. Fred Jones, Justice.    The appellee, Mary Beth Ahrend, is an individual resident of Benton County, Arkansas, and the appellant, Insured Lloyds, is an insurance company doing business in Arkansas. Mrs. Ahrend sued Lloyds in the Benton County Circuit Court to recover the value of a jeep station wagon insured by Lloyds against accidental loss by fire under the terms of a policy issued to Mrs. Ahrend by Lloyds.    Lloyds defended on the theory that the loss was not an accidental loss by fire, as defined in the policy, and that the loss was not covered by the insurance contract.    A jury trial resulted in a judgment in favor of Mrs. Ahrend for $1,650.00, and Lloyds has appealed designating the following points for reversal:

> "1.    Appellee's testimony as to Blue Book values is incompetent, hearsay, without proper foundation and completely untrustworthy, and the Trial Court committed reversible error in admitting such testimony as evidence.

"2. Appellee's testimony as to why she is suing for less than Blue Book value is incompetent, immaterial, irrelevant, without relationship to the issues in this case, and the admission of such testimony by the Trial Court is prejudicial error and grounds for reversal.

"3. The Trial Judge's comments in the presence and hearing of the Jury amounted to comments upon the weight and sufficiency of the evidence preventing Appellant from receiving a fair trial and the Court's refusal to grant Appellant's Motion for Mistrial constitutes reversible error.

"4. Appellee's trip to Oklahoma and the mechanical difficulties experienced at Prairie Grove, Arkansas, were material for the purpose of impeaching Appellee's testimony, and for the further purpose of establishing a true, actual cash value of appellee's vehicle prior to any fire loss, and the Court's exclusion of such testimony as well as the Court's remarks as to the weight and sufficiency thereof, amounted to prejudicial error and grounds for reversal.

"5. The testimony of the witness, Bill Frost, as to the value of Appellee's vehicle prior to any loss by fire was admittedly speculative and a wild guess, was immaterial and without any foundation in fact, and the Trial Court committed reversible error in allowing same to be admitted as evidence.

"6. The Trial Court committed reversible error in refusing to give the Jury Defendant's Instruction No. 1 as to circumstantial evidence."

The appellant has designated the entire record on appeal, and the transcript contains 114 pages of testi-

mony. All of the points relied on by the appellant have to do with the admissibility of testimony, but the appellant has failed to abstract the testimony in its brief, as required by Rule 9 (d) of this court.

Rule 9 (d) is as follows:

"The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. The abstract shall contain full references to pages of the record. When testimony is abstracted the first person rather than the third person shall be used. The Clerk will refuse to accept a brief that is not abstracted in the first person. Whenever a map, plat, photograph, or other exhibit must be examined for a clear understanding of the testimony, the appellant shall reproduce such exhibit by photography or other process and attach such reproduction to the copies of the abstract filed in this court and served upon the opposing counsel, unless this requirement is shown to be impracticable and is waived by the court upon motion."

Appellant argues its points separately under the heading "Brief, Abstract of Testimony and Argument," and the only testimony abstracted at all, is that portion which appellant quotes in support of its argument and consists only of isolated portions of the testimony lifted verbatim, in question and answer form, from the transscript. Had the testimony been abstracted, these excerpts from the testimony might serve the purpose of emphasizing the arguments advanced on the points involved, but such excerpts from the testimony serve no purpose at all in acquainting the members of this court with exactly what this case is all about.

We appreciate the expense involved in preparing records for appeal to this court and we do not like to dismiss appeals without reaching the merits. We are forced to take such action, however, when the appellant fails to abstract such portions of the record that will enable us to understand the questions presented for decision. There are seven individual members of this court who must form separate individual opinions on the merits of each case before us on appeal. The litigants, as well as the trial court and practicing attorneys, are entitled to the separate and independent consideration by each member of this court of the questions presented on appeal, and this can only be accomplished by separate and independent inquiry into the facts submitted and by separate inquiry into the law applicable to the facts in each case. The work load of this court does not permit each of the seven members the time that would be necessary to glean the facts and issues in a case on appeal from a single, and usually disorganized, transcript of the record from a trial court. That is the reason for multiple copies of briefs on appeal and is the reason for appellate procedure Rule 9 (d).

The principal errors alleged here are the admission in evidence of testimony that should have been excluded and the exclusion of testimony that should have been admitted. Without examination of the original transcript, it is impossible for us to determine whether the appellant is right or wrong in its contentions.

As we have said many times before, we are unable to consider this appeal on its merits since appellant has failed to comply with Rule 9 (d). (*Vire* v. *Vire*, 236 Ark. 740, 368 S.W. 2d 265; *Love* v. *State Farm Mutual Auto Ins. Co.*, 241 Ark. 161, 407 S.W. 2d 118; *Allen* v. *Overturf*, 236 Ark. 387, 366 S.W. 2d 189; *Routen* v. *Van Duyse*, 240 Ark. 825, 402 S.W. 2d 411; *Walden* v. *Mendleson*, 240 Ark. 1019, 403 S.W. 2d 745; *Holt* v. *Moody*, 234 Ark. 245, 352 S.W. 2d 87; *Anderson* v. *Stallings*, 234 Ark. 680, 354 S.W. 2d 21; *Tucker* v. *Haskins*, 243 Ark. 826, 422 S.W. 2d 696).

The judgment of the trial court is affirmed.