JEAN MARIE TUDOR v. RAY TUDOR

5-5094                                    448 S. W. 2d 17

Opinion delivered December 15, 1969

[Rehearing denied January 12, 1970]

*Warner, Warner, Ragon & Smith,* for appellant.

*Robinson & Booth,* for appellee.

FRANK HOLT, Justice. In this action the appellee was awarded a divorce from the appellant, custody of their minor children and title to certain real and personal property.

On appeal the appellant asserts error by the chancellor with respect to the award of custody of the minor children to the appellee and in divesting the appellant of her rights in certain real and personal property. Ap-

pellant designates, on appeal, the entire record of all proceedings, including a transcript of all testimony heard, documentary evidence, exhibits and pleadings.

We cannot reach the merits of this case and must affirm the chancellor because of the requirements of our Rule 9(d). Succinctly stated, this long established rule requires an abridgment of the record that will sufficiently enable us, from reading the appellant's abstract, to understand all questions presented or the points relied upon for reversal. *Ellington* v. *Remmel,* 226 Ark. 569, 293 S. W. 2d 452 (1956); *Smock* v. *Corpier,* 226 Ark. 701, 292 S. W. 2d 260 (1956); *Hurley* v. *Owens,* 238 Ark. 874, 385 S. W. 2d 636 (1965); *Routen* v. *Duyse,* 240 Ark. 825, 402 S. W. 2d 411 (1966); *Tucker* v. *Haskins,* 243 Ark. 826, 422 S. W. 2d 696 (1968).

In the case at bar there is no abstract of the pleadings, exhibits, decree or the individual testimony of the numerous witnesses. And further, when there is reference to a part of the testimony of a witness, it is in the third person rather than in the first person. The latter is required by our rule. It is necessary for the appellant to abstract the essential portions of the proceedings relied upon for appeal purposes. Otherwise, all seven members of the court would have to explore the transcript in each case to enable each of them to understand the issues presented. We have no alternative in the case at bar other than to affirm the decree of the chancellor.

Affirmed.