## ROSE CITY PROPERTY OWNERS' ASSOCIATION v. MATTHEWS COMPANY, SOUTHWEST REALTY CO., INC. AND DELTA LAWN BUILDERS, INC.

5-5523                                    465 S. W. 2d 118

Opinion delivered April 5, 1971

*Herndon & Patterson,* for appellant.

*Stubblefield & Matthews,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant filed a suit for injunction seeking to restrain appellees from constructing allegedly substandard homes in the Delta Lawn Subdivision in violation of an amendment made on March 30, 1970, to a bill of assurance dated January 12, 1970. There was an alternative prayer for damages of $750,000. Appellant states that an amendment to a plat of the subdivision and the bill of assurance pertaining thereto are exhibited with the complaint.

Appellees, by answer, generally denied the allegations of the complaint and the standing of appellant to sue. Appellees directed a request for admissions and an interrogatory to appellant, attaching a plat and bill of assurance filed on January 12, 1970. Appellant answered.

Appellees moved for summary judgment on the pleadings, exhibits and admissions filed. The chancery court decree granting the motion recited that it was based upon the pleadings and exhibits thereto, the motion for summary judgment and response, appellees'

request for admissions with its exhibits and appellant's answer to this request.

. Appellant's points for reversal are that genuine issues of material facts existed and that appellees were estopped to deny an implied dedication of ownership to appellant's members or easement in the entire subdivision by plats, replats and additional plats to the subdivision.

As appellees point out, the question for decision is wholly dependent upon the plats, documents and admissions contained in the record before the chancellor. None of these, not even the bills of assurance upon which appellant's action is apparently based, is abstracted. It is always with extreme reluctance that we affirm a case for noncompliance with the abstracting requirements clearly set out in Rule 9. In this case we have no choice in the matter, because the issues and appellant's arguments thereon are wholly incomprehensible without abstracts of these important parts of the record.

The decree is affirmed.