EDGAR BAKER ET UX *v.* CHARLES TROTTER ET AL

5-6044                                    486 S.W. 2d 7

## Opinion delivered October 16, 1972
[Rehearing denied November 20, 1972.]

*Keith Rutledge,* for appellants.

*Harkey & Walmsley,* for appellees.

George Rose Smith, Justice. The appellants, Edgar Baker and his wife, brought this suit to quiet their title to part of an island in Independence County. In their pleadings the Bakers asserted that they had record title to the land and that they and their predecessors in title had been in actual possession of the property for more than 25 years. The principal defendant, John L. Davis, denied the Bakers' allegations of title and asserted title in himself, by recorded conveyances and by adverse possession. After an extended trial, at which much testimony and many exhibits were introduced, the chancellor entered a decree finding Davis to be the owner of the land, both by record title and by adverse possession. The appellants contend that the chancellor was wrong in both respects.

Despite our reluctance to affirm any decree because of an appellant's failure to comply with Rule 9, we have no alternative in this case. In a suit of this kind the Bakers, as plaintiffs, must recover upon the strength of their own title, not upon the weakness of their adversary's. *Sanders v. Boone,* 154 Ark. 237, 242 S.W. 66, 32 A.L.R. 461 (1922). As appellants the Bakers also have the burden of showing that the chancellor was in error in finding Davis to be the record owner of the land.

In their brief the Bakers assert that they have an unbroken chain of title from a Government patent in 1830 down to their purchase of the land in 1968. Yet none of the conveyances have been abstracted. The brief merely refers us to the Bakers' exhibits 2 to 13 inclusive, at pages 175 to 204 of the record. Rule 9 specifically requires that material parts of documents be abstracted and that essential maps, plats, photographs, and other exhibits be reproduced and attached to the appellant's abstract. None of the exhibits, such as surveys and photographs of the island in question, have been reproduced. It is wholly impossible for us to determine from the abstracts and briefs whether the chancellor was right or wrong in finding Davis to be the record owner of the land. We have often

pointed out the impossibility of expecting all seven judges to examine the single copy of the record that is filed here. It follows that, under repeated decisions of this court, the decree must be affirmed. *Rose City Property Owners' Assn.* v. *Matthews Co.,* 250 Ark. 334, 465 S.W. 2d 118 (1971); *Wells* v. *Paragon Printing Co.,* 249 Ark. 950, 462 S.W. 2d 471 (1971); *Tudor* v. *Tudor,* 247 Ark. 822, 448 S.W. 2d 17 (1969); *Vire* v. *Vire,* 236 Ark. 740, 368 S.W. 2d 265 (1963).

Affirmed.